## COUNTY OF GRAND ISLE.

### JANUARY TERM, 1844.

[Continued from Vol. 16, page 205.]

---

PRESENT,

Hon. CHARLES K. WILLIAMS, CHIEF JUDGE.
Hon. STEPHEN ROYCE, } ASSISTANT JUDGES.
Hon. MILO L. BENNETT, }

---

## WILLIAM A. CLARK v. DECLANCY STOUGHTON, JR., FEEDERICK HAZEN, HENRY BRAYTON AND ALBERT S. MATTHEWS.

The Arabic numerical figures are, for some purposes, a part of the English language ; but of themselves they signify mere numbers, and words, or signs, are therefore necessary to predicate the number signified of any particular subject, or thing.

The mark commonly used to denote dollars ($) is not part of the English language, within the statute of this state, which requires declarations and other pleadings to be drawn in the English language; and a declaration in assumpsit upon a promissory note, in which the amount for which the note was given was only expressed in figures with the mark for dollars prefixed, (thus $226,17) was held insufficient on demurrer.

Clark *v.* Stoughton et al.

Assumpsit. The defendants were attached to answer unto the plaintiff " in a plea of the case, For that the said Declancy Stough-'ton, Jr., Frederick Hazen, Henry Brayton and Albert S. Mat-'thews, all of Alburgh aforesaid, at Alburgh, on the 26th day ' of June, A. D. 1841, by their note under their hands of that date, ' for value received, jointly and severally promised to pay the said ' William A. Clark $226,17 by the 1st day of May, 1842, with inter-' est, and then and there, to wit, on the 26th day of June, 1841, de-'livered said note to the plaintiff. Yet the said defendants, not re-' garding said undertaking, have not paid said sum of money men-' tioned in said note, or any part thereof, though often requested," &c.

The defendants demurred, and assigned for cause, " that the ' plaintiff's declaration does not allege for what thing the defendants ' promised, or for what said promise, in said declaration mentioned, ' was made." The county court,—Bennett, J., presiding,—adjudged the declaration insufficient; to which decision the plaintiff excepted.

———— for defendants.

*G. Harrington* for plaintiff.

The opinion of the court was delivered by

Royce, J. It would doubtless be going too far to assert, that the Arabic numerical figures in universal use, are not, to some purposes, a part of the English language. To similar purposes they are also part of most other languages, throughout the civilized world. Of themselves, however, they signify mere numbers, and words, or signs, are therefore necessary to predicate the number signified of any particular subject, or thing. And how far a mark, point, or other sign, prefixed, or added to the figures, to show the application and sense of the number expressed, should also be recognized as English language, must depend much on usage and custom. The capitals A. D., as part of a date, have been adjudged to be English language by use, though in fact being the initials of two latin words. *State* v. *Hodgeden,* 3 Vt. 481. So the usual marks expressive of dollars and cents, when employed according to general and long

practice, (as in stating accounts and the like) may, to that extent, be treated as part of our language by adoption and use.

But the question upon this declaration is, whether figures with such attendant marks were properly employed, within the meaning of the statute, as the only language by which to state the amount of the note in suit; in other words, to allege the only matter which gave validity, or importance, to the promise declared on. And we think that the statute, in requiring declarations and other pleadings to be drawn in the English language, must have contemplated the use of English letters and words, allowing customary abbreviations, which would not obscure the sense, and figures for the purpose of expressing numbers merely. Without insisting on the greater liability to mistakes, or the increased facilities for committing fraud, or forgery, under a more lax interpretation of the statute, it is sufficient to say, that this is the more obvious and natural construction.

The present is a very novel mode of declaring, at least in this state. This is even the first attempt that I have noticed in the higher courts, to set forth an esssential part of a promise, or other engagement, without the use of words. We think the innovation should not be countenanced, and that the judgment below should be affirmed.

After this opinion was pronounced the plaintiff's counsel moved that the judgment below be reversed *pro forma*, that he might then move for liberty to amend. The judgment was accordingly reversed for that purpose, and a motion to amend was granted, upon payment of costs in this court.