Hon. ISAAC F. REDFIELD,
Hon. DANIEL KELLOGG,
Hon. HILAND HALL,
Hon. LUKE P. POLAND.
} ASSISTANT JUDGES.

———

AZEL NORTHROP *v.* THOMAS G. SANBORN.

An order drawn for 37,89, without any mark ($) expressing dollars, is not void, as being unintelligible. The court will intend, that the figures were used, as whole numbers and decimals, to express the currency of the United States.

The plaintiff drew an order upon the defendant, directing him to pay to one C. a certain sum, to be accounted for on settlement between them. The defendant, upon the order being presented to him, wrote upon it an agreement to pay to C. such sum, as should be due from him to the plaintiff after settlement. The

plaintiff and defendant subsequently attempted to make a settlement, and failing to do so, the plaintiff commenced this action of book account against the defendant, before a justice of the peace, and recovered judgment, and the defendant appealed. After the appeal was taken, the defendant paid to C. the full amount of the order, which exceeded the sum which was due from him to the plaintiff. *Held,* that the defendant might recover judgment, in this action, against the plaintiff for the amount of the excess so paid.

Book Account. The action was commenced before a justice of the peace and came to the county court by appeal, taken by the defendant. Judgment to account was rendered in the county court, and an auditor was appointed, who reported the facts substantially as follows.

The plaintiff's account, which accrued in July, 1848, was allowed at $80,00. On the ninth day of August, 1848, the plaintiff drew upon the defendant an order, in these words,—" Please to pay the bearer, Joseph B. Clough, 37,89, and I will account to you for the same on settlement." The order was presented to the defendant, August 11, 1848, and he wrote upon it these words,—" The undersigned agrees to pay to J. B. Clough what may be due to A. Northrop after settlement ;" (signed) " Thomas G. Sanborn." On the sixth day of November, 1848, the plaintiff and defendant and Clough were together, for the purpose of making a settlement, but did not settle, and the next day the plaintiff commenced this action. In December, 1848, the plaintiff paid to Clough $12,00, which was indorsed upon the order ; and on the twelfth of December, 1848, the defendant paid to Clough, upon the order, $9,00 ; and after a judgment in this action had been rendered against the defendant, and he had appealed, he paid to Clough the balance then remaining due upon the order, amounting to $16,89. The auditor allowed to the defendant the sums so paid by him upon the order, and reported, that there was due from the plaintiff to the defendant $12,40, as the balance of accounts between them,—but that, if those payments were improperly allowed, there was due from the defendant to the plaintiff $13,49.

The county court, June Term, 1849,—Redfield, J., presiding, —rendered judgment for the defendant upon the report. Exceptions by plaintiff.

Northrop *v.* Sanborn.

———————— for plaintiff.

The order given by the plaintiff to Clough is void, for want of a sum being stated in it. The figures "37,89" do not express dollars and cents, any more than they do mills and fractions of a mill. *Brown* v. *Bebee*, 1 D. Ch. 227. *Wainwright* v. *Straw et al.*, 15 Vt. 215. *Clark* v. *Stoughton et al.*, 18 Vt. 50. After the parties had met and no settlement could be effected, and a suit had been commenced, the defendant had no right to pay any thing to Clough and charge it to the plaintiff. At all events, the acceptance of the defendant only bound him to pay what he should owe the plaintiff on settlement, and he cannot be justified in paying any thing more, than was really his due. The payment having been made after the judgment, the plaintiff's assent to it cannot be inferred.

*A. Howard, Jr.*, for defendant.

The acceptor of a bill is the principal debtor, and the drawer is the surety, and nothing will discharge the acceptor, but payment, or a release from the payee, or holder. 3 Kent 86. 1 Sw. Dig. 423. Bayl. on Bills 155. Chit. on Bills 181, 186. In this case the order was accepted, and became absolute between the defendant and Clough, long before the commencement of this action. The plaintiff must pay the order, or procure for the defendant a release of his acceptance, before he can draw the funds from the defendant's hands. *Tracy* v. *Pearl*, 20 Vt. 162. Rev. St. 220, § 9. *Pratt* v. *Gallup*, 7 Vt. 344. *Wing* v. *Hurlburt*, 15 Vt. 607. *Ambler* v. *Bradley*, 6 Vt. 119.

The opinion of the court was delivered by

REDFIELD, J. We think it not necessary to say, that the order, expressed for 37,89, is so far unintelligible, that it is void. The law of the United States' Congress, establishing our national currency, having declared, that it shall consist of the dollar, as a unit, and the decimal parts of the dollar, as dimes and cents, it would seem the necessary legal intendment, that a contract expressed in figures should be in the currency of the country. If prefixed by the usual sign ($) no one *could* entertain doubt; and that is nothing but a mark to signify, that the national currency is intended. Without that, we think the legal intendment is the same.

It may be thought, by some, that this decision conflicts with that of *Clark* v. *Stoughton*, 18 Vt. 50. But perhaps not necessarily so. In that case it was held, that such a mode of expressing value is not sufficient, in a declaration, or plea, because it is not a compliance with the statute, requiring the pleadings and proceedings in the courts of justice to be in the English language. The purpose of that statute *probably* was, to prevent the profession from excluding the parties from being their own counsel, if willing to brave the consequence of having fools for clients, as the old maxim has it. And in that view, the mode of expressing value, condemned in *Clark* v. *Stoughton*, was the kind of vernacular, which the statute was intended to vindicate and encourage.

But we are aware, that such marks, as $, £, and the like, have not been considered admissible in pleadings, in the English courts. So, also, *A. D.* was lately condemned there, as vitiating a declaration, and the party was compelled to pay the whole costs of the suit, to procure an amendment,—Ch. J. TINDALL saying, that *A. D.* was neither English, or Latin. Warren's Duties of Attorneys and Solicitors, 137. So, also, we find in the English courts a writ is held fatally defective, if addressed to the *sheriff*, instead of the *sheriffs* of London,—the singular for the plural number. *Moore* v. *Magan*, 16 M. & W. 95. So, too, in the English courts the initial letters of the name are not sufficient; and declarations in that form have in late years been held fatally defective.

But in this state no such strictness, even in pleadings, has of late been attempted. Since the case of *State* v. *Hodgden*, 3 Vt. 481, where *A. D.* was considered sufficient, even in an indictment, and of *State* v. *Gilbert*, 13 Vt. 647, where *Anno Domini* was held to be sufficiently English to be admitted in pleadings, even in an indictment, I should myself have supposed, were it not for the case of *Clark* v. *Stoughton*, that this mode of expressing value was sufficient, even in a plea. We have no doubt it is sufficient in a contract, where any language, which is intelligible, is competent.

And after the order was drawn and accepted, the defendant was *bound* to pay the balance of the amount to Clough; and we do not see, why he was not justified, as between himself and the plaintiff, in paying the full amount of the order.

Judgment affirmed.