THE STATE vs. SCHWARTZ.

*October 19 — November 3, 1885.*

*Criminal pleading: Forgery: Promissory note.*

An instrument in the form of a promissory note for the payment of " 25.00 as per deed, 10 per cent. till paid," is a note for twenty-five *dollars;* and in an information for the forgery thereof no averment of extrinsic facts is necessary to show that such is its character.

REPORTED from the Circuit Court for *Walworth* County.

The defendant was informed against for the crime of forging a promissory note, and was tried therefor, and convicted. The alleged forgery consisted in altering a valid promissory note. The original note was as follows:

"ELKHORN, May th 28, 1884.

"For value received, three months after date I promise to pay to *Wm. Schwartz,* or order, $5.00 as per deed.

"O. A. BAGGS."

The alteration consisted in the erasure of the $ mark, and the insertion of the figure 2 in its place, and the insertion at the end of the note of the words "10 per cent. till paid," making the note read thus:

"ELKHORN, May th 28, 1884.

"For value received, three months after date I promise to pay to *Wm. Schwartz*, or order, 25.00 as per deed, 10 per cent till paid.                                   O. A. BAGGS."

The court charged the jury as follows: "If you find beyond a reasonable doubt, as I shall define it to you, that the defendant here, after the witness Baggs had subscribed his name to the paper in controversy, falsely, and without Baggs' consent, altered the writing by erasing a part thereof, and inserting the figure 2 therein, or by inserting the words '10 per cent till paid;' and if you further find that such paper, when so altered, would be and was likely to deceive and mislead third persons, and be likely to be bought and passed in the ordinary course of business as an obligation to pay $25 in money, and that the defendant made such alteration or alterations with intent to injure and defraud any third person,— then your verdict will be guilty of forgery."

The information contains no specific averment that the forged instrument is for the payment of money, but a copy of the instrument is set out therein.

The defendant moved in arrest of judgment, and thereupon the circuit court duly reported the case pursuant to sec. 4721, R. S., for the decision of this court upon the following questions of law:

"*First.* Was the admission in evidence of the note or writing alleged to have been forged, error?

"*Second.* Was that part of the charge of the court to which defendant excepted, erroneous?

"*Third.* Did the erasure by the defendant of the dollar-mark ($) at the left hand of the figure 5 in said paper, and

the insertion of the figure 2 without further designation as to what the figures 25.00 are intended to represent than may be legitimately gathered from the face of the paper, constitute the crime of forgery?

"*Fourth.* Can this conviction be sustained in the absence of appropriate allegations in the information showing what the figures 25.00 mean or are intended to represent?"

For the state the cause was submitted on the brief of the *Attorney General.* He cited, besides cases cited in the opinion, *Coolbroth v. Purinton*, 29 Me. 469; *Phipps v. Tanner*, 5 Carr. & P. 488; *Rex v. Elliot*, 1 Leach Cr. Cas. 175; *State v. Coyle*, 41 Wis. 267.

*A. S. Spooner*, for the defendant, cited *People v. Shall*, 9 Cow. 778; *People v. Galloway*, 17 Wend. 540; *Howell v. State*, 37 Tex. 591; *Abbott v. Rose*, 62 Me. 194; *State v. Smith*, 8 Yerg. 151; *People v. Stearns*, 21 Wend. 414; *People v. Fitch*, 1 id. 198; *Carberry v. State*, 11 Ohio St. 410; *State v. Wheeler*, 19 Minn. 98; *Rex v. Knight*, Salk. 375; 2 Russell on Crimes (9th ed.), 710, note; 2 Bishop on Cr. Law, sec. 538; 3 Archb. Cr. Pr. & Pl. (Waterman's ed.), 552; *John v. State*, 23 Wis. 504.

LYON, J. The jury found that the defendant altered the note for five dollars as charged in the information, and that he did so must be regarded as a verity in the case. If the defendant, when he made such alteration, had inserted in the note the $ mark, or had written therein the word "dollars," immediately before or after the figures 25.00, the instrument would, if genuine, be a promissory note for the payment of $25 in lawful money, and such alteration of the original note would have been forgery. This is too plain to require discussion or reference to authorities. In such case all the questions reported by the circuit court would necessarily be resolved against the defendant.

The controlling question is, therefore, Does the forged instrument purport on its face to be a promise by Baggs, the maker, to pay the defendant twenty-five dollars, although it contains neither the $ mark nor the word "dollars"? If this question be answered in the affirmative, it is entirely clear that such forged instrument was properly admitted in evidence; that there was no error in the instruction which the court gave the jury; that such alteration constituted the crime of forgery; and that the information is sufficient without an averment therein that the figures 25.00 meant twenty-five dollars. On principle and authority we think the question should be answered affirmatively.

*Booth v. Wallace*, 2 Root, 247, was an action on a promissory note for "thirty-two, twelve shillings and five pence." The court said: "The word 'pounds' after the words 'thirty-two' is necessarily implied, and the omission, it is clear, was owing to the mistake of the scribe who drew the note, and the implication is so clear and strong that it is not necessary it should be averred in the declaration more fully than it is."

In *Northrop v. Sanborn*, 22 Vt. 433, the question arose on an order requesting the drawee to pay the bearer " 37.89," without anything else on the face of the order to denote that dollars and cents were intended. The court said, Judge REDFIELD delivering the opinion: "We think it not necessary to say that the order expressed for 37.89 is so far unintelligible that it is void. The law of the United States Congress establishing our national currency having declared that it shall consist of the dollar as a unit, and the decimal parts of the dollar as dimes and cents, it would seem the necessary legal intendment that a contract expressed in figures should be in the currency of the country. If prefixed by the usual sign ($), no one *could* entertain doubt; and that is nothing but a mark to signify that the national currency is intended. Without that we think the legal intendment is the same."

*Murrill v. Handy,* 17 Mo. 406, was an action on a promissory note wherein the makers promised to pay the payee "the sum of fifty-two 25-100, for value received." The word dollars as well as the $ mark, was entirely omitted. It was held that the note on its face was for fifty-two dollars and twenty-five cents. Some stress was laid upon the words "the sum" in the instrument; but we think the word "pay" is equally significant. Other cases to the same effect are cited by the attorney general, although perhaps they are not so directly in point as are those above referred to.

The words "as per deed" in the forged note do not change the character of the instrument. These words merely show that in some deed the maker of the note had incurred the same obligation. The instrument contains all the essential qualities of a promissory note, notwithstanding the reference therein to a deed. ·

We are entirely satisfied with the doctrine of the cases above referred to, and do not hesitate to adopt it. We hold, therefore, that the forged instrument on its face purports to be a promissory note for the payment of twenty-five dollars, and ten per cent. interest in money, and that no averment in the information of any extrinsic facts was necessary to show that such was its character and legal effect.

Numerous cases were cited in argument by counsel for the defendant, and have been examined. They are chiefly to the point, and in illustration of it, that when the operation of the forged instrument upon the rights or property of another is not manifest or probable from the face of the writing, extrinsic facts showing such operation must be averred in the indictment or information. We have here no case for the application of that rule. It is believed that none of the last-mentioned cases conflict with the doctrine of the cases first above cited, on the authority of which we have determined the character and legal effect of the forged instrument in this case.

The first and second questions reported by the circuit court must be resolved in the negative, and the third and fourth questions in the affirmative. It will be so certified to that court.

*By the Court.*— Ordered accordingly.