G. G. HAMILTON *et al. v.* BROWNSVILLE GASLIGHT COM-
PANY *et al.**

(*Jackson,* April Term, 1905.)

1. **TAX SALES.** Assessment and list of sales must show items
and amounts in dollars and cents; mere figures without more
are insufficient, and render sale void.

The absence of the dollar mark or any thing to indicate what is
meant by the figures in the assessment of property for taxation
or in the trustee's certified list of sales of lands for taxes fur-
nished to the clerk of the circuit court renders such tax sales
of land void. Such list should show in dollars and cents the
amount of taxes, as well as each item of costs and penalties.
Mere figures entered between perpendicular lines without more
are insufficient.

Acts cited and construed: 1899, ch. 435, sec. 55.

Cases cited and approved: Randolph v. Metcalf, 6 Cold., 400,
407; Dunn v. Dunn, 99 Tenn., 612; Barnes v. Brown, 1 Tenn.,
Chy. App., 740; Anderson v. Post, (Tenn. Chy. App.), 38 S. W.,
283.

2. **SALE.** Purchaser under void sale is entitled to be reimbursed
for taxes and interest, but not for costs and penalties; and
must pay costs of suit.

Where the sale of land for taxes is void, the purchaser is enti-
tled to have refunded to him the taxes for which the land was
sold, and all subsequent taxes paid by him, with interest on all,
but no penalties or costs; and the owner seeking to have such
sale declared void and removed as a cloud must pay such pur
chaser such sum. Costs of suit adjudged against such purchas-
er. (*Post, pp.* 154, 155.)

*As to how far purchaser at judicial sale is protected as *bona
fide* purchaser, see note to Riley v. Martinelli (Cal.), 21 L. R. A.,
33.

FROM HAYWOOD.

Appeal from the Chancery Court of Haywood County. —JOHN S. COOPER, Chancellor.

J. W. E. MOORE and ROBT. E. KING, for complainants. KINNEY & WILLS and BATE BOND, for defendants.

MR. JUSTICE WILKES delivered the opinion of the Court.

This is a bill to foreclose a deed of trust made by the light company, and to remove a cloud upon the title to a part of the property embraced in the deed of trust, caused by a tax deed made by the clerk of the circuit court of Haywood county to the defendant Brownsville Cotton Oil Company.

The chancellor gave judgment for the amount of the debt, $4,247, and a decree to foreclose the deed of trust, but dismissed the bill as to the property held by the oil company under the tax deed. Complainants prayed an appeal from so much of the decree as refused them the relief as against the tax deed of the oil company.

The oil company prayed an appeal from certain provisions of the decree, but does not appear to have given

bond, and perfected the same; and it need not, therefore, be further noticed, as complainants prayed only a special or partial appeal.

Quite a number of errors are assigned, but we need only notice the last one, as, in our opinion, it is conclusive of the case.

This assignment is, in substance, that the lists of sales filed by the trustee with the circuit court clerk fail to show the amount of taxes, interest, costs, and penalties, in dollars and cents. They are, therefore, irregular, and divest no title out of the taxpayer, and vest none in the purchaser, and all proceedings based upon such lists are void and of no effect.

Examining the lists as they appear in the record, so far as they relate to this particular property, it appears that it was sold to the State of Tennessee. It further appears that there are certain figures entered on the lists between perpendicular lines, but there is nothing to show or indicate what is meant by these figures. There is no dollar mark attached to any of them, nor does the dollar mark appear anywhere upon the lists, except in the valuation of the property.

It has been held in a number of cases that the absence of the dollar mark to indicate what is meant by the figures in the assessment of property is fatal to the assessment, and that perpendicular lines between the figures, separating them, will not suffice to make the assessment good.

The question is fully treated in *Barnes* v. *Brown,* 1 Tenn. Ch. App., 740.

The holding in that case is followed in the case of *Anderson* v. *Post* (Tenn. Ch. App.), 38 S. W., 283, which case is approved by the case of *Dunn* v. *Dunn,* 99 Tenn., 612, 42 S. W., 259, and the same doctrine is also held by this court in the case of *Randolph v. Metcalf,* 6 Cold., 400-407, and in a large number of unreported cases.

We are of the opinion that defects of the character mentioned, which will render an assessment invalid and void because it does not state specifically, plainly, and definitely the amount of taxes, will likewise render the lists of sales insufficient and void.

Looking at the lists as we find them in the record, the figures appear to be added into a total of 1527. There is a red line between the 5 and 2, but no dollar mark appears anywhere, either in the separate items or in the total amount; and we are left to conjecture whether the amount is $1,527 or $15.27, or some other amount, or whether, indeed, it represents any amount in dollars and cents.

We cannot assume that the perpendicular red lines are symbols or substitutes for dollar marks.

Section 55 of the act of 1899 (Acts 1899, p. 1136, c. 435) provides what the certified lists shall contain, in substance, among other things, the day of sale, the amount of the respective taxes for which said sale was made, and each item of costs thereof, which lists shall

be made in book form and kept by the clerk as a part of the records of his office, and said lists shall be in lieu of conveyances, and vest titles in the treasurer to all the lands embraced in the lists, just as a conveyance to the treasurer would do.

We think it important that this list of sales by the trustee, furnished to the clerk of the circuit court, should be equally as specific and definite in showing the amount of taxes in dollars and cents, as well as each item of costs and penalties in dollars and cents, as would be required to make a valid assessment, and the lists failing to show specifically and definitely the amount of each item of taxes, costs, and penalties, the lists will be insufficient and invalid to divest title out of the owner of the property, and to vest it in the State, or in the purchaser from the State.

Without passing upon the other assignments, we are of opinion that the sale to the oil company by the clerk of the circuit court was without authority, invalid and void, and conferred no title upon the oil company as purchaser, and that complainant is entitled to have the cloud, caused by said void sale, removed from the title of the land involved, upon the condition that it pay the amount of taxes assessable against the land for the year 1899, and all subsequent taxes and proper interest on all the same, but without any penalties or costs.

The oil company will take nothing by its purchase, but is entitled to have refunded to it such amount as it has paid out for taxes upon the land and interest up-

Hamilton v. Gaslight Co.

on the same; but, inasmuch as the sale is void, it is not entitled to have any costs or penalties, which it may have paid, refunded to it.

The oil company will pay the costs of the court below, so far as such costs have accrued in the litigation of the tax title; and the cause will be remanded to the court below for such further proceedings as may be proper.