STATE *v.* WAINWRIGHT.

*(Nashville.* December Term, 1913.)

INDICTMENT AND INFORMATION. Value. Larceny.

That an indictment for larceny, in its statement of the value
of the property, omitted the dollar sign and contained an
elongated decimal point extending under the two naughts did
not render it fatally defective. *(Post, p.* 547.)

Cases cited and approved: Hunt v. Smith, 9 Kan., 137; State
v. Schwartz, 64 Wis., 432; Northrop v. Sanborn, 22 Vt., 433.

Cases cited and disapproved: Barnes v. Brown, 1 ·Tenn., Chy.
App., 726; Hamilton v. Gaslight Co., 115 Tenn., 153; Anderson
v. Post (Tenn. Chy. App.), 38 S. W., 283; Randolph.v. Metcalf,
46 Tenn., 400.

---

FROM MAURY.

---

Appeal from Criminal Court, Maury County.—W.
B. TURNER, Judge.

W. W. FAW, Assistant Attorney-General, for the
State.

PEEBLES & FORGEY, for appellee.

MR. CHIEF JUSTICE NEIL delivered the opinion of the
Court.

The defendant was indicted in the circuit court of .
Maury county for stealing a ham. On motion the trial
judge quashed the indictment, and the State appealed

to this court and has assigned error. The question made on the indictment was that it did not contain an averment of value. The language on that subject was: "That Mary Wainwright heretofore on the —— day of October, 1912, in the said county, feloniously did steal, take, and carry away from the possession of one R. P. Pigg one ham of the value of 200, the personal property of the said R. P. Pigg, against the peace and dignity of the State."

The first question is whether the mark starting at the figure "2" and running under the two naughts (thus, "200") can be read as a decimal point between the figures and the naughts; and the second is whether, if so read, the expression "200" can be properly construed as evidence of an intention to state the value at $2. We are of opinion that both questions should be answered in the affirmative. We judicially know that the decimal point in business practice is often so elongated; and we are of opinion that the character could have been used in the association in which it appears. If it be a decimal point, the only reasonable conclusion in that the purpose was to express the value of the ham as being $2. That is to say, given the decimal point, the court should infer the dollar mark, making the whole expression read "$2.00." This is in harmony with the construction reached by the supreme court of Kansas in the case of *Hunt* v. *Smith,* 9 Kan., 137, and by the supreme court of Wisconsin in the case of *State* v. *Schwartz,* 64 Wis., 432, 25 N. W., 417. *Hunt* v. *Smith* was a condemnation proceeding. In

128 Tenn. 35

State v. Wainwright.

that case the commissioners, in reporting the valuation of the land taken and the damages to that not taken, used numerals only and omitted to use dollar marks or words "dollars" and "cents," or any abbreviation thereof, but interposed a decimal point. The supreme court of Kansas said: "Dollars are the legal money units of this country, made so by the laws of the United States. 1 Stat. at Large, 248, par. 9; 1 Bouv. Law Dict. title. 'Dollar.' Hence, whenever figures are used intending to represent money, such figures must of course be understood to represent 'dollars,' unless a different intention is clearly expressed. The point or dot, resembling a period in punctuation, separating certain figures on the right from those on the left, is the decimal point. It makes the figures on the right decimals of a unit of whatever is intended to be expressed by those on the left. Those on the left, as we have already seen, are intended to represent dollars; hence those on the right must represent decimals of dollars. As only two figures on the right are thus separated from the others, these two figures must represent hundreds of dollars or, in other words, 'cents.' This is well settled by almost universal usage everywhere in the United States." Quite an elaborate and satisfactory discussion of the matter follows in the opinion of the court, but we need not reproduce more than the language we have already quoted.

In *State* v. *Schwartz* the question was whether an instrument in the form of a promissory note for the payment of "25.00 as per deed, 10 per cent till paid,"

was a note for $25 and could be so held under an indictment or information for the forgery thereof, without the averment of extrinsic facts showing that such was its character. This question was answered in the affirmative; the supreme court of Wisconsin saying: "The controlling question is, therefore: Does the forged instrument purport on its face to be a promise by Baggs, the maker, to pay the defendant $25 although it contains neither the dollar mark nor the word 'dollars?' If this question be answered in the affirmative, it is entirely clear that such forged instrument was properly admitted in evidence; that there was no error in the instruction which the court gave the jury; that such alteration constituted the crime of forgery; and that the information is sufficient without an averment therein that the figures '25.00' meant $25.00. On principle and authority we think the question should be answered affirmatively."

In the case last cited the court referred to the case of *Northrop* v. *Sanborn,* 22 Vt., 433, 54 Am. Dec., 83, which we have also examined. The instrument under consideration there was an order drawn for "37.89," without any dollar mark or word expressing dollars. This was held a valid order for $37.89. The court, speaking through Redfield, J., said: "The law of the United States Congress, establishing our national currency, having declared that it shall consist of the dollar, as a unit, and the decimal parts of the dollar, as dimes and cents, it would seem the necessary legal intendment that a contract expressed in figures should

be in the currency of the country. If prefaced by the usual sign ($), no one could entertain doubt; and that is nothing but a mark to signify that the national currency is intended. Without that we think the legal intendment is the same.''

We are referred to certain cases in our reports as out of harmony with this view, viz., *Barnes* v. *Brown,* 1 Tenn. Chy. App., 726; *Hamilton* v. *Gaslight Co.,* 115 Tenn., 153, 90 S. W., 159; *Anderson* v. *Post* (Tenn. Chy. App.), 38 S. W., 283; *Randolph* v. *Metcalf,* 6 Cold., 400. All of these were tax cases where the construction is always strict, in order to prevent extortion and to save rights. The cases referred to never have been extended beyond that subject; nor do we think they should be. Moreover, in the facts stated in those cases it did not appear there was any decimal point, and a careful reading of them will indicate that the absence of this decimal point was really in the mind of the court, since it appears that the court decided those cases on the theory that there was nothing to indicate the money character of the figures. In *Barnes* v. *Brown* the absence of the decimal point was distinctly referred to. The cases generally speaking, were put upon the absence of the dollar mark. What would have been the result if there had been a decimal point we need not consider further than to say that the court in all of the cases held that perpendicular ruled lines extending the whole length of a a page of the tax books could not be treated as decimal divisions. So in those cases the facts before the court

State v. Wainwright.

indicated a set of figures without either dollar marks or decimal points, and on that ground the figures were treated as wholly uncertain. We do not think the cases we have just referred to are in conflict with the construction which we have given the indictment before us in the present case.

We are of opinion, therefore, that the trial judge committed error in quashing the indictment. His judgment must therefore be reversed, and the cause remanded to the circuit of Maury county for trial.