## SID. HOWELL v. THE STATE.

An instrument of writing which does not upon its face import any value or obligation cannot be the subject of a forgery. See the facts of this case for an illustration of the principle.

APPEAL from Navarro. Tried below before the Hon. Francis P. Wood.

Defendant was indicted by the grand jury of Navarro county for altering the following instrument of writing; "2 "hides, $4$\frac{00}{100}$: Sitman." The indictment charged that by virtue of this instrument of writing the accused was authorized to demand and receive of W. G. Randall & Brother, a mercantile firm doing business in Navarro county, the sum of four dollars, and that the accused, without lawful authority and with intent to defraud, willfully, falsely, fraudulently, and feloniously altered said instrument by substituting the figures "30" in the place of the figure "2," and by erasing the figure "4" and inserting in lieu thereof the figures "75$\frac{50}{100}$." Defendant was found guilty and sentenced to two years imprisonment in the penitentiary. Motions for a new trial and in arrest of judgment being overruled, defendant appealed.

No brief for the appellant has reached the hands of the reporter.

*Wm. Alexander, Attorney-General,* for the State.

OGDEN, J.    The seventh assignment of errors presents a question which must be decisive of this case.    The defendant was indicted under Article 2094, Paschal's Digest, for forgery, in altering the following instrument or memorandum in writing, viz. : " 2 hides, $4$\frac{00}{100}$: Sitman."    This writing, upon its face, is evidence of no pecuniary obligation, and its alteration, by simply changing the figures, could neither increase or diminish any pecuniary obligation ; and therefore that act cannot be considered forgery under the statute.

Forgery is defined by one of the best authorities on criminal law, to be " the false making or materially altering, with intent " to defraud, of any writing which, if genuine, might appar- " ently be of legal efficacy, or the foundation of a legal " liability."    (Bishop on Criminal Law, Vol. I., page 1008.) This definition of the crime of forgery is very similar, and in no respect in conflict with that given by our statute, and yet the same author says (Vol. II., page 506), " when the " writing is invalid on its face, it cannot be the subject of " forgery."

The instrument under consideration has no date, is addressed to no one, and on its face has no money or value for its object, and indeed has none of the requisites of an obligation, and the alteration of it could affect the legal liability of no one.    The indictment charges that under, and by virtue of this writing, the defendant was authorized to demand and receive of W. G. Randall & Brother, certain moneys.    But under the law he had no right to demand of W. G. Randall & Brother, or any one else, any money or other property, upon the face of that instrument.    There may have been an understanding between Randall & Brother and Sitman, that they would pay on such a memorandum of Sitman, and if the defendant, having obtained a knowledge of that understanding, has made use of it to swindle Randall & Brother, he is punishable by indictment for swindling, but not for forgery.    The court therefore erred in overruling the motion in arrest of judgment, and for which error the judgment is reversed, and the case remanded, that

a proper indictment may, if thought advisable, be preferred against the defendant.

Reversed and remanded.