The State *v.* Corley.

## THE STATE *v.* W. B. CORLEY.

CRIMINAL LAW. *Forgery defined. Case in judgment.* "Forgery" (Code, §4708) "is the fraudulent making or alteration of any writing, to the prejudice of another's rights." In construing this section, the Court say: that the writing complained of must have "some legal efficacy, real or apparent, otherwise it has no legal tendency to defraud;" accordingly, where, an indictment averred that the defendant against whom a judgment had been rendered for costs, entered satisfaction of the same on the execution docket, as to the claim of a witness in these words, to-wit: "I retain J. W. K.'s fee, as attorney. W. B. C."

*Held,* that the averment, if true, had no *legal tendency* to defraud, and could not operate as a satisfaction of the judgment as to the claim of the witness. The indictment, therefore, contained no charge of forgery, and was properly quashed.

Authority cited: 2 Bish. Cr. L., §499.

### FROM DEKALB.

Appeal from the Circuit Court. S. M. FITE, Judge.

JOHN B. ROBINSON for Corley.

ATTORNEY-GENERAL HEISKELL for the State.

NICHOLSON, C. J., delivered the opinion of the Court.

This is an indictment for forgery, which was quashed, because it does not charge the crime of forgery. The State has appealed.

According to the averments of the indictment, Corley was indicted in DeKalb Circuit Court for eaves-drop-

ping, and was found guilty. Judgment was rendered against him for the costs, and as part thereof, J. W. King was entitled, as witness, to $13 80. This judgment was entered on the execution docket.

The forgery alleged is, that Corley made an entry, in writing, on the execution docket satisfying the same as to the claim of J. W. King, the charge being as follows: "which writing was then and there fraudulently, falsely and feloniously made on said execution docket aforesaid, for the purpose aforesaid, and is as follows, that is to say, I retain J. W. King's fee, as attorney, W. B. Corley," thereby unlawfully, feloneously, fraudulently and falsely assuming to act as attorney for said King, in satisfying said execution docket, etc.

The question is, whether the crime of forgery is charged by these averments of the indictment?

Forgery is the fraudulent making or alteration of any writing, to the prejudice of another's rights. Code, §4718.

The writing must be of some legal efficacy, real or apparent, since otherwise it has no legal tendency to defraud; 2 Bishop Cr. L., §499.

What legal efficacy was there in the entry made by Corley on the execution docket? Corley was the defendant in the judgment, against whom the execution was ordered to be issued. It is averred, that the writing operated as a satisfaction of the judgment; but how does this legal consequence follow? Corley writes on the docket, "I retain J. W. King's fee as

attorney." What was his meaning? Was it, that, as attorney for King in some other case, King was indebted to him, and for that indebtedness he retains the fee due to King, as evidenced by the execution docket? If this was the meaning, there could be no satisfaction of the judgment by the entry, without the consent of King, and no legal efficacy, either real or apparent, in the writing itself. The Clerk was in no way prevented by the entry from issuing the execution.

But it is charged, in the indictment, that Corley made the entry, falsely assuming to act as King's attorney in satisfying the execution docket. Upon this construction of the writing, Corley assumed to have King's authority as his attorney, to retain his fee as a witness. In this view of the writing, it shows that Corley claimed the right, as King's attorney, to control the issuance of the execution. If he was such attorney, he had the right to control it, and to acknowledge on the docket, that, as such attorney, he retained the fee of King. If he was not such an attorney, he was guilty of falsely claiming a right which did not belong to him, and King was not prevented by the writing, from issuing his execution and enforcing his claim. It may have been highly criminal in Corley to assume to be King's attorney in claiming the right to retain his fee, but we do not think the assertion of such right, and putting it in writing on the docket, could operate as a satisfaction of the judgment, and, therefore, that the offence of

forgery was not charged in the indictment. The prejudice to King's rights, as charged, consisted in fraudulently making an entry which operated as a satisfaction of the judgment. But in no interpretation of the writing, can we see that its legal effect would be to satisfy the judgment. It follows, that the Circuit Judge committed no error in quashing the indictment because it did not charge the offence of forgery.

Judgment affirmed.