Wiley Anderson v. The State.

1. Forgery — Indictment.— To constitute forgery the instrument forged must be such an one that, if it were true, it would create, increase, diminish, discharge or defeat a pecuniary obligation, or would transfer, or in some manner affect, property.  The instrument must also purport to be the act of another, and the indictment° must so allege, and must name the person whose act it purports to be.
2. Same.— The rule is otherwise stated as follows:  "A written instrument, to be the subject of indictment for forgery, must be valid, if genuine, for the purpose intended.  If void or invalid on its face, and it cannot be made good by averment, the crime of forgery cannot be predicated upon it."  See the opinion *in extenso* for the rule stated in various terms.
3. Same — Arrest of Judgment — Case Stated.— The alleged forged instrument in this case reads as follows:  "George Woods: Martin Baysinger says to let Wiley Anderson have $10 worth of goods, and he will stand for it."  *Held*, that, being an instrument invalid upon its face, it cannot be made the subject of forgery; wherefore the defendant's motion in arrest of judgment should have prevailed.  See the opinion *in extenso* on the question.

Appeal from the District Court of Rusk.  Tried below before H. L. Stone, Esq., Special Judge.

The conviction was for the forgery of an order for goods, the body of the instrument being set out in the head-notes of this report and in the opinion of the court.  A term of two years in the penitentiary was the penalty assessed against the appellant.

John Moreland testified, for the State, that he wrote the order in evidence, at the request of defendant, who brought him the slip of paper on which it was written, and told him that Martin Baysinger told him, defendant, to get witness to write the order, as he had no paper.

Martin Baysinger testified, for the State, that he neither wrote nor authorized the writing of the order in evidence.

George Wood testified that defendant brought him the order and demanded goods on it. Witness told him that the order was a sorry instrument, and asked if Baysinger could not write a better one. Defendant replied that Baysinger's hand was crippled, and he could not write, and directed him to write it, and that he wrote it as well as he could or knew how. On those representations witness let defendant have $9.50 worth of goods.

The defense introduced no evidence, but relied upon their motion in arrest of judgment, which was overruled, and again raised the question in the motion for new trial.

*Wood & Arnold*, for the appellant.

*J. H. Burts*, Assistant Attorney-General, for the State.

Willson, Judge. This conviction is for the forgery of an instrument in writing, which instrument is in the following words, to wit: "George Woods: Martin Baysinger says to let Wiley Anderson have $10 worth of goods, and he will stand for it." It is alleged in the indictment that said instrument purports to be the act of Martin Baysinger, and was "then and there intended as an order from the said Martin Baysinger to one George Wood to let the said Wiley Anderson have $10 worth of goods, and that the said Martin Baysinger would see the same paid." A motion in arrest of judgment, based upon the insufficiency, in several specified particulars, of the indictment, was overruled.

Is the alleged forged instrument such an one as can be the subject of forgery? To constitute forgery, the instrument forged must be such an one that, if it were true, would create, increase, diminish, discharge or defeat a pecuniary obligation, or would transfer, or in some manner affect, property. (Penal Code, art. 431.) The instrument must also purport to be the act of another, and the instrument must so allege and name the person whose act it purports to be. In this case, while the indictment alleges that the instrument purports to be the act of Martin Baysinger, it does not so appear from the instrument itself. It is not signed by Baysinger, either at the foot or in the body thereof. The writer of it, in referring to Baysinger, uses language indicating that it is not Baysinger himself that is writing, but a third person writing to state what Baysinger dictates. The language of the instrument is in the *third* person, not in the

*first*, as it would have to be to make it purport to be the act of Martin Baysinger, unless it had been signed by Baysinger.

Now, if this instrument were true, would it create or increase any pecuniary obligation against Martin Baysinger? Is it a valid writing on is face? Has it any legal efficacy? Mr. Bishop says: "When the writing is invalid it cannot be the subject of forgery." (2 Bish. Cr. Law, § 538.) And again this author says, "to constitute an indictable forgery, it is not alone sufficient that there be a writing, and that the writing be false; it must also be such as, if true, would be of some legal efficacy, real or apparent, since otherwise it has no legal tendency to defraud." (Id., 533. See, also, *Howell* v. *The State*, 37 Texas, 591.) In *Costly* v. *The State*, 14 Texas Ct. App., 156, it is said: "A written instrument, to be the subject of indictment for forgery, must be valid, if genuine, for the purpose intended. If void or invalid on its face, and it cannot be made good by averment, the crime of forgery cannot be predicated upon it." . . . "It is an indispensable element in the crime of forgery that the forged paper must be such that, if genuine, it may injure another, and it must appear from the indictment that it is legally of such a character, either from a recital or description of the instrument itself, or, if that alone does not show it to be so, then by the additional averment of such extrinsic facts as render it of that character." . . . "The forging of an instrument which, on its face, is void, is not indictable." And Mr. Wharton lays it down that, "where an instrument is so palpably and absolutely invalid that it can under no circumstances be proof in a legal procedure, then falsely to make it is no forgery." (1 Whart. Cr. Law (8th ed.), § 696.)

Now, would the instrument in question here be proof in any legal proceeding? We do not think it would without the aid of extrinsic evidence. It is signed by no one. It does not show whose act it is. It merely states what Martin Baysinger said to another person, without disclosing who that person was. It is without date. If it were proved that Baysinger himself wrote the instrument, or that he authorized another to write it, it would be a guaranty upon which he would be liable. But we understand the rule to be that the instrument must be such upon its face that, if it were genuine, it would be evidence of the facts it sets out. It must appear on its face to be good and valid for the purpose for which it was created. (2 Bish. Cr. Law (7th ed.), § 544.) Such is not the character of the instrument in this case. It would not, if genuine, that is, if executed as it purports to be, by some other person than Baysinger, be evi-

dence of the facts it sets out. It would not appear on its face to be good and valid as an order from Baysinger upon Woods, which it is alleged it was intended to be.

Neither this court, or any other court that we are aware of, even under the rules of the common law, have ever held an instrument like this one to be such as an indictment for forgery could be predicated upon it. In *Keeler* v. *The State*, 15 Texas Ct. App., 111, this court held that an instrument purporting to be an order was the subject of forgery, but in that case the order purported to be the act of, and to be signed by, the drawer thereof. So in *Fonville* v. *The State*, 17 Texas Ct. App., 368, the receipt which was the subject of the forgery purported to be the act of one Middleton, and purported to be signed by him.

In our judgment it would be an unwarranted expansion of the definition of forgery to hold that the instrument in question is embraced therein,— and this being our view, it is unnecessary to determine other questions presented in the case.

Whilst the indictment is formally sufficient, the facts alleged show that the offense of forgery was not and could not have been committed, and the indictment is therefore substantially defective; and the judgment must be reversed and the prosecution dismissed.

*Reversed and dismissed.*