Syllabus.

## WILLIAM COX *v.* THE STATE.

1. CRIMINAL LAW. *Forgery. Indictment.*

Except under peculiar and exceptional circumstances, it is not necessary to aver in an indictment for forgery, the existence of the debt, the discharge of which the instrument forged is intended to represent.

2. FORGING TAX RECEIPT. *Not necessary to aver that taxes were due.*

So that it is not necessary in an indictment for forging a tax receipt, to aver that the taxes, for which the receipt purports to have been given, had been assessed and were properly due.

3. INJURY TO SOME PERSON. *Essential element in forgery.*

Where it is impossible that any one can be defrauded by the instrument as altered or uttered, there can be no conviction for forgery based upon it. To constitute the crime of forgery, the instrument after alteration must be such that if it were true and not forged, it would be of itself, or in connection with other things, capable of doing injury.

4. SAME. *Case in judgment.*

The defendant assumed to pay the taxes due by Lann and Byrd for 1887, and to guide him in so doing, took from Lann a receipt issued to Byrd for the taxes of 1886. This receipt was dated December, 1886, and on its face showed that it was for the taxes of 1886. Subsequently defendant erased the date "December, 1886," and substituted therefor "December, 1887," and handed the receipt back to Lann, saying that he had paid the taxes as agreed, and charged to Lann's account. In fact, he had not paid the taxes for 1887. *Held*, that this did not constitute the crime of forgery, because the receipt as altered still purported to be for the taxes of 1886, and these being paid, no injury could result by reason of the receipt.

5. SAME. *Case in judgment.*

So, where the defendant, having assumed to pay Lann's taxes for 1887, altered a receipt of his own for the taxes of 1886 by erasing the date " December, 1886," and the name " Wm. Cox," and substituting the date " December, 1887," and the name " G. H. Lann," and by changing the figures, showing the amount paid, and delivered the receipt thus altered to Lann, saying he had paid the taxes for 1887, and charged to Lann's account, both of which statements were untrue, this was held not to be forgery, because, as Lann's taxes for 1886 had been paid, and the receipt still purported to be for taxes of 1886, the receipt could work no injury.

APPEAL from the circuit court of Monroe county.

Hon. Lock E. Houston, Judge.

Appellant, Cox, was tried and convicted for the crime of forgery.

The indictment, caption omitted, was in the following form : The grand jurors of the state of Mississippi elected, summoned, impanneled, sworn, and charged to inquire in and for the body of Monroe county, state of Mississippi, at the term aforesaid, of the court aforesaid, in the name and by the authority of the state of Mississippi, upon their oaths present that Wm. Cox, late of the county aforesaid, on the 22d day of October, 1888, in the county aforesaid, and within the jurisdiction of this court, did unlawfully, knowingly, falsely, and feloniously forge and counterfeit and alter a certain writing, purporting to be a tax receipt issued by the sheriff and tax-collector, J. H. Marshall, of Monroe county, to one G. H. Lann, for the sum of one dollar for the taxes due by said G. H. Lann to said county and state, the tenor whereof is as follows :

No. 3184, sheriff's office, Monroe county, Miss., page —. December 22, 1887.

Received of G. H. Lann one dollar, state, county, school fund, and other taxes for the fiscal year 1886 as per following statements and descriptions of personal property, to wit:

Total personal assessment three hundred and twenty dollars, rate per cent. ——, dollars ——, cents —, division of sec. S. —, T. —, R. —, acres, ——; state tax, ——; common county, ——; school, 1887, ——; special, poll.   Total, one dollar.

J. H. Marshal,

Sheriff and Tax-collector, Monroe County,

by which said forged writing a certain pecuniary demand of one dollar of the county of Monroe and state of Mississippi against said G. H. Lann, for taxes as aforesaid, was then and there purported to be discharged, with the felonious intent to injure and defraud the said state and county and the said G. H. Lann, against the peace and dignity of the state of Mississippi.

W. B. Walker, District Attorney.

The indictment contained another count, similar to the above, alleging a forgery at the same time and in the same manner of a

tax receipts given to Mrs. N. B. Byrd, and also counts for uttering and publishing the receipt in both instances.

The defendant moved to quash the indictment because it showed that the tax receipts, after the alleged alteration, were invalid instruments, and, therefore, did not, and could not discharge any liability of the state or county or G. H. Lann, who were alleged to have been defrauded, or likely to be, by the receipt.

This motion was overruled.

The trial developed the following facts as testified to by witnesses for the state: The defendant, Cox, had furnished G. H. Lann with supplies during the year 1887, and had promised Lann to pay for 1887 his taxes and the taxes of Mrs. N. B. Byrd, his mother-in-law, and to enable defendant to find out what lands Mrs. Byrd paid taxes upon, Lann gave defendant a tax receipt for the taxes paid by Mrs. Byrd for 1886. When this was returned by defendant to Lann at the close of the year 1887, the date "December 22, 1886," had been erased and "December 22, 1887," had been substituted therefor, and at the same time defendant delivered to Lann a receipt which had been issued by the sheriff to defendant in 1886 for his personal tax for that year. This receipt had been changed by the erasure of the name Wm. Cox and substitution therefor of the name of G. H. Lann, and by erasure of the figures, showing the amount of taxes paid, and substituting therefor another amount. These two altered receipts were given by defendant to Lann with the statement by defendant that he had paid the taxes for 1887 as agreed, and charged the same to Lann on account.

One witness testified that defendant had been seen "figuring upon the receipt," but defendant, in his own behalf, as well as other witnesses, denied all the foregoing statements, and defendant exhibited his accounts against Lann to show that he had never charged upon them the amount of any tax receipts.

The trial resulted in a conviction and sentence of defendant to two years' imprisonment in the penitentiary.

*Clifton & Eckford,* for appellant.

The taxes due by Lann and Byrd, for the year 1886, had been

paid by them.   How then could the state, the county, or Lann or Byrd be injured or defrauded by giving to Lann a receipt for what had already been paid ?   Could defendant be legally convicted under the facts in testimony for the state ?   Clearly not.   The instrument forged must be such as, if genuine, would create, diminish, or discharge some pecuniary liability.   1 Whar. Cr. L., §§ 692, 696 ; *People* v. *Stearns,* 21 Wend. 414 ; 2 Bish. Cr. L., §§ 523, 533, 538 ; *Commonwealth* v. *Dallenger,* 118 Mass. 439.

*Gilleylen* and *Leftwich,* for appellant.

Forgery is a common law offense, belonging to the general class of cheats, and is defined to be " The fraudulent making of a false writing which, if genuine, would be apparently of some legal efficacy.   2 Bish. Cr. L., § 523.

Cox was indicted, under § 2827 of our code of 1880, but the statute does not change the offense of forgery as known at common law.   *Commonwealth* v. *Ayer,* 3 Cush. 150 ; *State* v. *Ames,* 2 Greenl. 365.   A writing, to be the basis of an indictment for forgery, must be of such form as apparently to be of same legal efficacy.   There seems to be no exception to the application of this principle.   2 Bish. Cr. Law, §§ 533, 538 *et seq.;* Whart. Cr. Law, § 494 ; *U. S.* v. *Bornhart,* Fed. Rep., March 6, 1886 ; *People* v. *Galloway,* 17 Wend. 540 ; *DeBow* v. *People,* 1 Denio 9 ; *State* v. *Smith,* 8 Yerger 150 ; *Rex* v. *Moffatt,* 2 Leach 483 ; *Rex* v. *Sterling,* 1 Leach 117 ; *People* v. *Stearns,* 21 Wend. 414.

There are two kinds of invalidity : (1) that which is apparent on the face of the instrument; and, (2) that brought about by extrinsic facts.   These receipts come under the first class.   " Where the writing is invalid on its face it cannot be the subject of forgery because it has no legal tendency to effect a fraud."   2 Bish. Cr. Law 538.

Under our statutory definition of forgery, code 1880, § 2827, the writing altered must be one " by which any right of property whatever *shall be* or purport to be transferred, conveyed, discharged, diminished, or in any manner affected, etc."   These receipts do not on their face purport to be in discharge of any obligation that really existed, and no person could have been affected or injured by them.

*E. H. Bristow*, on the same side.

I submit that the indictment is defective in not setting out fully the purport and history of the alleged tax receipts. While we admit as a general rule that the setting out of the tenor—an exact copy of an instrument alleged to have been forged, will be sufficient, yet when the indictment undertakes to describe the purport and when the purport and history of the instrument became material, then the indictment must set it out to a " certain intent in general." It must leave nothing to be assumed, presumed or conjectured.

The mere tax receipt does not show for what fiscal year the taxes were due, does not show when the tax receipt was issued—does not show that there were any taxes due or that *any assessment was ever made.* A tax receipt is utterly worthless unless backed by an assessment. There are no " taxes due " unless the taxes have been assessed.

An analogous case in civil proceedings is a suit on an indemnifying bond. The plaintiff must aver the rendition of the judgment against a third party—issuance of execution thereon—its levy on plaintiff's goods—his demand for indemnity, and then the bond and a breach. In support of this, see *People* v. *Wright*, 9 Wend. 193 ; 3 Chitty Cr. Law 1046, 1053, 1063, 1067. These cases show that it is not enough to set out the instrument *in hæc verba*, but there must be averments of facts and circumstances going to show their purport, and how they can operate to the detriment of the parties whom the indictment charges the defendant with intending to defraud.

But no conviction of any offense under §§ 2827 or 2832 can ever be legally had on the tax receipt set out in the indictment and offered in evidence. If there was any intention to defraud on the part of Cox, it was with reference to the taxes due by Lann and Byrd for the year 1887. ·This was conceded. But these receipts are plainly expressed on their face to be for the fiscal year 1886. Now by producing fictitious or forged receipts for the *taxes of* 1886 the state cannot prove an intent to injure or defraud Lann and Mrs. Byrd, with reference to the *taxes of* 1887.

Had he told them he had paid the taxes of 1887, and thereby received the amount of money from them, he would have been guilty, under § 2811, of obtaining money under false pretenses, but even in such a case the use of such receipts would not have been under that section " color of any false writing," because a receipt however false for 1886 cannot possibly be " color " of receipt for 1887.

Lann and Mrs. Byrd knew that they had paid their taxes for 1886 ; so they could not possibly be injured by the forging of a receipt for 1886, on the principle *volenti non fit injuria.* As the intent to injure or defraud, whether it be Lann, Mrs. Byrd, the state, or county, was with reference solely to the taxes for 1887, these tax receipts for 1886 could not possibly accomplish that intent under any circumstances. To constitute forgery, the instrument forged must be such as, if genuine, would create, diminish, or discharge some pecuniary liability. 1 Whart. Cr. L., §§ 692, 696 ; *People* v. *Stearns,* 21 Wend. 414 ; *Henry* v. *State,* 35 Ohio St. 128 ; *Brown* v. *People,* 86 Ill. 239 ; *Jacobs* v. *State,* 61 Ala. 448 ; *John* v. *State,* 23 Wis. 504 ; Code 1880, § 2827.

*T. M. Miller,* attorney-general, for the state.

A reading of the record will, we believe, clearly convince the court of the truth of the accusations against the appellant. He is, in plain language, charged with altering certain tax receipts with intent to defraud one Lann and others. The receipts had been altered, and one of them had been originally issued to Cox in 1886. No plausible theory was advanced as to how such receipts could ever have been out of the possession of Cox until they were handed to Lann. Lann proves positively the forgery by Cox, and the circumstances corroborate him. So that after the verdict of the jury we shall assume that certain tax receipts issued for 1886 were so altered by appellant as to make them appear to be tax receipts issued by the sheriff to Lann and others for the taxes of 1886, and that these taxes for 1886 had been paid. The jury found, and that is conclusive, that Cox intended to defraud Lann out of the amounts purported to have been paid by him in order to obtain the receipts.

· In assuming that the indictment was found under §§ 2827 and 2832, code 1880, counsel have, it seems to me, fallen into serious error, which has cost them much waste of labor and learning. Section 2818, of the code, makes it forgery to alter a receipt for money given by a public officer. If, then, the intent to defraud existed, the offense is complete. Lann and Mrs. Byrd may have known that the taxes for 1886 were paid, but if defendant altered the receipts intending to obtain money thereby, the offense is made out. This is not common-law forgery. Section 2818 assumes that the altering of the receipt of a public officer will injure.

The intent of the forger and not the efficacy of the forged instrument, is the true inquiry.

Cooper, J., delivered the opinion of the court.

The indictment sufficiently charged the offense of forgery. It is not necessary, except under peculiar and exceptional circumstances, to aver the existence of the debt, the discharge of which the instrument forged is intended to represent. Bishop, Directions and Forms, § 472, and note. On the facts developed on the trial, the court should have directed the jury to acquit the defendant. It was proved by the state that the taxes due by Mrs. Byrd and by G. H. Lann for the year 1886 had been fully paid and discharged before the alteration of the instrument by the defendant. It was impossible, therefore, that either the state or the county of Monroe could have been defrauded by the instruments as altered or uttered by the defendant. According to the testimony of the witness Lann, he had requested the defendant to pay the taxes due by himself and by Mrs. Byrd for the year 1887, and to guide him in so doing delivered to him certain tax receipts for the taxes of the year 1886. The defendant thereafter delivered to him the two instruments alleged to have been forged, one being the tax receipt of Mrs. Byrd, which Lann had handed to him, on which the date of the receipt had been changed from December, 1886, to December, 1887, and the other being probably an old tax receipt of Cox's for the year 1886 in which the name of Lann had been written. But on the face of both receipts it appeared that they were given for the taxes of the year

1886.   If Cox, pretending that he had paid the taxes of Mrs. Byrd and of Lann for the year 1887, had received from Lann money or other thing of value, by reason of such false pretense, he would have been guilty of obtaining money under false pretences.    But the receipts do not, on their face, appear to be receipts for the taxes of the year 1887; on the contrary, they clearly recite that they are for the taxes of 1886, which taxes Lann, as he then knew, had already paid.    It was impossible that either the state or county, or Lann or Mrs. Byrd, or any other person could be injured *by reason of the receipts;* the injury, if any could arise, must have sprung from the declaration of Cox, that he had paid the taxes of the year 1887, a fact not shown by the receipts.  There is no suggestion that Lann ever paid or was asked to pay anything by Cox for the taxes paid by him for the year 1886 or 1887. The whole case is that Cox told Lann he had paid the taxes of 1887, and gave him altered receipts by which the taxes of 1886 are acknowledged to have been paid, and told Lann that he would charge him up on account with the taxes of 1887.    To constitute the crime of forgery the instrument itself must be of itself, or in connection with other things, capable of injury, if it were true and not forged.    Under the facts disclosed the receipt if true could not either alone or in connection with other facts, injure or defraud either the state, county or any person whatever.

*The judgment is reversed and cause remanded.*