### KING WILSON v. STATE OF MISSISSIPPI.

1. FORGERY.  *Immaterial alteration.*  *Code* 1892, § 1106.

   Under Code 1892, § 1106, defining forgery and confining the crime
   to instances where any person may be affected, bound, or in any
   way injured in his person or property, the mere alteration of the
   figures, following the character "$," in the upper right-hand
   corner of a draft, changing "$2.50" to "$12.50," does not consti-
   tute forgery where in the body of the instrument the sum
   ordered paid was distinctly written "two and 50-100 dollars," and
   this is especially true where the paper upon which the draft
   was written had distinctly stamped upon its face the words
   "Ten Dollars or Less," since the alteration was of an immaterial
   part of the instrument and could not injure any one.

2. SAME.  *Attempt.*  *Code* 1892, § 974.

   Nor do the facts above stated constitute an attempt to forge, under
   Code 1892, § 974, forbidding conviction of an attempt to commit
   a crime when it shall appear that the crime intended or the
   offense attempted was perpetrated, since the writing of the
   figure "1" between the "$" and the "2.50" was fully accomplished
   and no other effort or intent is shown or suggested.

FROM the circuit court of, second district, Coahoma county.
HON. SAMUEL C. COOK, Judge.

Wilson, the appellant, was indicted, tried, and convicted of
an attempt to commit forgery, and appealed to the supreme

court. The opinion of the court fully states the facts of the case.

*J. A. Glover,* for appellant.

.Forgery is defined as "the false making or materially altering, with intention to defraud, any writing, which, if genuine, might apparently be of legal efficacy for the foundation of a legal liability. The essence of forgery consists in making an instrument appear to be that which it is not." Bouvier's Law Dictionary.

The rule of law as to the validity of an instrument is the same in criminal as in civil matters, and the same rules of construction prevail in ascertaining the legal import of the instrument charged to be forged in a prosecution for forgery as would prevail in a civil action on the instrument. *Bland* v. *People,* 4 Ill., 364.

The appellant here is not guilty of forgery, for several reasons. First—Because the alteration made in the draft of check was not material. In all banking institutions where there is a variation between the writing or figures in a check or draft, the writing prevails; and if a check be written out, having no marginal figures indicating the amount, it is acknowledged by the rule of the commercial law and of banks that it should be paid. Therefore the figures are immaterial. The supreme court of Louisiana decided a case almost identical in its facts with the present one, and decided it in the way in which we contend this case should be decided. *State* v. *Means,* 18 South. Rep., 514 (s.c.; 47 La. Ann., 1535). See also *Bailey* v. *State,* 1 Mass., 602; *State* v. *Stevens,* 1 Mass., 202; *State* v. *Wilson,* 68 Mass., 70; *Cox* v. *State,* 66 Miss., 14; *Griffin* v. *Furry,* 30 Ill., 251; *Galloway* v. *People,* 17 Wend. (N. Y.), 540; *Rembert* v. *State* (Ala.), 25 Am. St. Rep., 639.

Can the defendant be convicted of an attempt to commit forgery? Bouvier, in his Law Dictionary, defines an attempt to commit a crime as "an endeavor to accomplish a crime carried

beyond mere preparation, but falling short of the execution of the ultimate design of any part of it." And it is further said by the same author that to constitute an attempt there must be an intention to commit some act which would be indictable if committed. Bishop on Criminal Law says that to constitute the crime of an attempt the thing done would be the crime itself if carried to completion. Of course if what the appellant did was innocuous and he could not be convicted of forgery, he cannot be held liable for an attempt to forge, since he accomplished everything he intended to accomplish, and there was no proof of any other intention or purpose than that of writing the figure "1" between "$" and "2.50."

*William Williams,* attorney-general, for appellee.

Counsel for appellant seems to rely upon the proposition that the figures on the face of the check are immaterial, and since appellant did not change the writing in the face of the check, he is not guilty as charged. If appellant had been convicted of forgery, this proposition might be sustained, but as he was convicted of an attempt at forgery, we submit that the position of counsel for appellant is not tenable. Appellant certainly attempted to change the check so as to receive $12.50 instead of $2.50, for which the check was written.

It is true that there must be an attempt to commit a crime and an act toward its consummation before one can be punished under the laws of this state. Under the above statement of facts an act was done with the intent to defraud and cheat. Said act was done with a criminal intent, and is therefore a crime made punishable by law. This proposition was settled by this court in *Cunningham's Case,* 49 Miss., 685; 1 Bish. New Criminal Law, sec. 437.

Argued orally by *J. A. Glover,* for appellant, and by *William Williams,* attorney-general, for appellee.

CALHOON, J., delivered the opinion of the court.

Wilson was convicted of an attempt to commit forgery, the court below properly charging the jury that it could not convict of the crime itself. The instrument of which attempt to commit forgery is predicated is a draft for "two and 50-100 dollars," as written out in the body of it, having in the upper right-hand corner the figures "$2.50-100," as is customary in checks, drafts, and notes, and having plainly printed and stamped on the face of the instrument the words "Ten Dollars or Less." Wilson, with a pen, put the figure "1" before the figure "2" in the upper right-hand corner, making these immaterial figures appear "$12.50" instead of "$2.50," and undertook to negotiate it as $12.50. This was not forgery, because it was an immaterial part of the paper, and because it could not possibly have injured anybody. In order to constitute the crime, there must be not only the intent to commit it, but also an act of alteration done to a material part, so that injury might result. *Rembert* v. *State,* 53 Ala., 467 (25 Am. St. Rep., 639); *Roode* v. *State,* 5 Neb., 174 (25 Am. St. Rep., 475); 1 Bish. New Crim. Law, secs. 572–740; *Commonwealth* v. *Wilson,* 2 Gray, 70; *State* v. *Pierce,* 8 Iowa, 235; *People* v. *Galloway,* 17 Wend., 540; *Anderson* v. *State,* 20 Tex. App., 595; *State* v. *Smith,* 8 Yerg., 150; *Howell* v. *State,* 37 Tex., 591; *Barnum* v. *State,* 15 Ohio, 717 (45 Am. Dec., 601); *People* v. *Tomlinson,* 35 Cal., 503; *State* v. *Briggs,* 34 Vt., 501; *State* v. *Corley,* 63 Tenn., 410; *Cox* v. *State,* 66 Miss., 14 (5 South. Rep., 618); *State* v. *Means,* 47 La. Ann., 1535 (18 South. Rep., 514); *Commonwealth* v. *Bailey,* 1 Mass., 62 (2 Am. Dec., 3); *Commonwealth* v. *Stevens,* 1 Mass., 203. These authorities might be numerously added to, but it is enough to say now that they sustain what we have said, and establish also that an instrument void on its face is not the subject of forgery, and that, in order to be so subject, it must have been capable of working injury if it had been genuine, and that the marginal numbers

and figures are not part of the instrument, and their alteration
is not forgery.

This being true, can the conviction of an attempt to commit
forgery be sustained in the case before us? We think not. No
purpose appears to change anything on the paper except the
figures in the margin, and this could not have done any hurt.
Our statute (Code 1892, § 1106) confines the crime of forgery
to instances where "any person may be affected, bound, or in
any way injured in his person or property." This is not such
a case, and sec. 974 forbids convicting of an attempt "when it
shall appear that the crime intended or the offense attempted
was perpetrated." In this record the innocuous prefix of the
figure "1" on the margin was fully accomplished, and no other
effort appears, and, if genuine, could have done no harm; and
so the appellant is guiltless, in law, of the crime of which he
was convicted.

*Reversed and remanded.*