Commonwealth v. Hide.

CASE 89—INDICTMENT—SEPTEMBER 9.

# Commonwealth v. Hide.

APPEAL FROM ALLEN CIRCUIT COURT.

1. FORGERY.—Making an alteration or erasure in any material part of a true instrument, whereby another may be defrauded, is a forgery. It is not necessary that the whole instrument should be made false or fictitious.

    Where a check for "seventy cents," the amount of which was also written in figures, thus "$ $\frac{50}{100}$," near the top of the check, was altered by inserting the figure "3" between the dollar mark and the figures "70," leaving the words "seventy cents" in the body of the check unchanged, the alteration constituted a forgery, although the person to whom the check was presented for payment could, by close observation, have detected the forgery and prevented the consummation of the fraud.

2. SAME.—Upon the trial of the payee for the forgery, the fact that he alone had possession of the check, so far as the proof shows, from the time of its execution until its presentation for payment, coupled with the fact that he alone got the benefit of the change made, was sufficient to authorize the conclusion that he was guilty of the forgery, and therefore the case should have been submitted to the jury.

WM. J. HENDRICK, ATTORNEY-GENERAL, FOR APPELLANT.

The fact that the words were not written in the body of the check to correspond to the change in the figures makes no difference. It would make a difference under an indictment for obtaining money under false pretenses, but not under an indictment for forgery (Bishop's Crim. Law, Title "Forgery.")

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

The appellee, under an indictment for forgery, was, upon trial, found "not guilty" by the jury under a peremptory instruction from the court, and the Commonwealth has appealed.

The indictment charges that the defendant committed the crime named by feloniously and corruptly

writing the figure 3 just after the dollar mark and before the figures 70 on the face of a check drawn in his favor by one J. S. Morehead on P. J. Potter & Co., bankers, with intent to defraud, &c., thus making the check one for $3.70 when it was in fact one for only 70 cents.

The proof disclosed that Morehead gave Hide a check for seventy cents, writing the figures thus $ $\frac{70}{100}$ near the top of the check, toward its right hand margin. The line below read —— seventy cents ——$\frac{70}{}$ dollars. Shortly after the date of the check Hide presented it to the clerk of Wade & Co., merchants, and asked to be given two dollars in cash and balance in goods. The check was unchanged, save the figure 3 stood between the dollar mark and the figures $\frac{70}{100}$. Without observing the writing closely, the clerk made the exchange, and thereafter, upon discovering the mistake, had the accused arrested and put on trial as named.

Clearly the writing was a forgery, and the indictment in apt terms charged the defendant with the crime. It is certainly not necessary that the whole instrument should be made false or fictitious. Making an alteration or erasure in any material part of a true instrument, whereby another may be defrauded, is a forgery. This check, in a material, and we may say a prominent, part, was altered, and it does not matter that the words "seventy cents" remained as written, or that, by close observation, the merchant could have detected the forgery and prevented the consummation of the fraud.

While, therefore, the alteration of the check must

be held to have been a forgery, the question yet recurs whether the proof is sufficient to show that the accused made that alteration, or, in other words, committed the forgery. That he uttered the forged instrument is uncontradicted, but for that he was not on trial. There is no proof directly showing that he inserted the figure in question, but no one else is implicated or interested.

He alone got the benefit of the change made or had possession of the writing, so far as the proof shows, from the time of its execution by Morehead until its delivery to the clerk in its altered condition. It seems to us that the jury could readily have concluded, beyond any reasonable doubt, that the prisoner was guilty. The case should have been submitted to it. Quite rarely can the very act of falsifying a writing be shown, and to require the State to show more than it has in this case would furnish a too convenient loop-hole for the escape of the guilty and result in the frequent failure of justice. A like conclusion was reached by the court upon a similar state of case in Mitchell v. State, 64 Ga., 448.

Which is ordered to be certified as the law of the case.