The opinion of the court was delivered by
Breaux, J.
The defendant was indicted for forgery. In each count the indictment sets forth that he did “ forge and utter ” a certain order on S. N. Arnold to pay to Humphrey Means the sum of two dollars and seventy-five cents ($2.75), signed by W. O. Vance, so as to change the amount of money to be paid in the order to the amount of twenty-nine dollars and seventy-five cents, by inserting the figure nine after the figure two and between it and the figure seventy-five, so as to make it read twenty-nine dollars and seventy-five cents instead of two dollars and seventy-five cents, with interest.
The indictment, on motion of the District Attorney, was amended by substituting the “name of Mrs. T. S. Arnold for that of S. N. Arnold, and adding per R. O. Stinson after the words W. O. Vance, making the forged and altered paper set out in the indictment to read: “A certain paper and order on Mrs. T. S. Arnold to pay Humphrey Means the sum of two dollars and seventy-five cents ($2.75), signed by W. O. Vance, per R. O. Stinson, so as to make and change the amount of money to be paid in the order to the amount of twenty-nine dollars and seventy-five cents ($29.75), inserting the figure nine after the figure two and between it and the figure seventy-five, so as to make it read twenty-nine dollars and seventy-five cents ($29.75), with interest, to defraud Mrs. T. S. Arnold and W. O. Vance & Co.”
As we understand the forgery charged was committed by inserting the figure 9.
The defendant was tried and convicted of forgery, from which he appeals.
He, during the trial, excepted to the ruling of the court and interposed a motion in arrest of judgment.
By the first bill of exception it is shown that the prosecuting officer offered to prove by parol the contents of the instrument for the forgery of which the defendant was being tried.
*1537 The defendant, by counsel, objected to parol proof of the order, on the ground that proper foundation to prove loss of the instrument had not been laid.
. The court overruled the objection and gave for reason that the instrument was lost.
The facts upon which the court based the ruling are set forth as part of the bill of exception and sustain the correctness of the ruling.
The second bill of exception sets forth two grounds of exception.
1. “A defendant can not be charged in one and the same count of a bill of indictment for forgery with altering an instrument and with causing the same to be altered.”
2. “ That when both figures and written words are used to express the amount to be paid on an order, the written words expressing the amount to be paid govern and make the order, and the figures are not material, and in such case forgery is not committed by altering the figures only of such an instrument as shown to the jury.”
Which said special charges were refused by the court on the following grounds, to-wit:
“The recollection of the court is that the special charges asked were substantially charged. There was no charge in writing and the notes of the bill have been laid aside and misplaced, as the rules of the court require all bills of exception to be submitted to the opposing counsel and the court within two days, which was not done. After the lapse of time and the great number of cases tried since this one, the court is not clear as to whether the statement made above by the counsel for defendant is true or not.”
The motion in arrest of judgment reiterates the grounds, upon which the bills of exception were taken.
The first ground of the bill is not sustained by the facts; the accused was not charged with causing the order to be altered. If he had, it would not have been duplicity in pleading. Bishop, Vol. 1, par. 435; Crim. Pro., Archbold, Vol. 2, p. 810.
Moreover, the plea of duplicity (if there was duplicity, in regard to which we express no opinion, as there is no necessity) was not timely urged.
Mr. Wharton says: “The better view is that it can not be made the subject of a motion in arrest of judgment.” Crim. Law, 7 Ed., par. 395.
*1538 To constitute a charge of alteration and forgery of an instrument it must be averred that it was altered in a material part. It does not appear with certainty whether the alteration was of a material part.
Of course, if the accused feloniously forged and altered the figures 2.75 so as to make them read 29.75 by adding 9 to a material part of the order, he is guilty of forgery; in other words, if there was no writing of the amount, and if the order read, pay 2.75, and was thus altered, it is forgery. But if the 2.75 was merely marginal, or in character marginal, as relates to a writing of the amount, it was not forgery. Bishop Cr. Pr., par 407.
The learned and careful Attorney General and the District Attorney, in the brief, are of the impression that the indictment and the amendment set forth sufficiently that both figures and the writing were altered.
We do not so read the indictment and the amendment. While there was no necessity, as the order in question was lost, to set it forth in the indictment in hsec verba (the substance suffices), it is obvious that it should have been averred that the writing was altered, if such was the fact.
As there is no question of prescription, and the accused will have to answer for any offence he may have committed, we have determined to quash the indictment and set aside the verdict and annul the judgment.
It is therefore ordered, adjudged and decreed that the judgment and sentence appealed from be annulled, the verdict of the jury set aside and the indictment quashed, and that the defendant be remanded in custody, subject to the orders of the District Court of the parish of Bossier.