LAWLESS, Plaintiff in error, vs. THE STATE, Defendant in error.

*March 14—April 1, 1902.*

(1) *Appeal and error: Review of evidence: Motion for new trial.*
(2, 3) *Forgery: Material alteration of check: Uttering.*

1. The refusal of the trial court to direct a verdict is reviewable in the appellate court if proper exception was taken and preserved in the bill of exceptions, although there was no motion for a new trial. *Reed v. Madison*, 85 Wis. 667, limited.

2. Insertion of the figure 5 before the figure 9 in a check reading "Pay to [defendant] or order $ 9 . . . . . . . fifty cents . . . . . . . . . Dollars" is a material alteration, constituting a forgery, although the written words remained unchanged and the person cashing the check might by close observation have detected the change and prevented the consummation of the fraud.

3. The payee named in a forged check may be guilty of uttering it although he does not indorse it.

ERROR to review a judgment of the circuit court for Sauk county: R. G. SIEBECKER, Circuit Judge. *Affirmed.*

The plaintiff in error was tried, convicted, and sentenced to state prison for uttering a forged check. The check as originally drawn was as follows:

"IRON COUNTY BANK. No. 34.
"Crystal Falls, Mich., Aug. 5, 1901.
"Pay to George Lowless or order $ 9 . . . . . . . . fifty cents
. . . . . . . . . . . . . . . . . . . . Dollars. C. T. ROBERTS."

The forgery consisted in putting the figure "5" before the figure "9" in the check. The plaintiff in error requested one Jacob Kiefer, a saloon keeper at Ableman, Wisconsin, to cash the check for him, telling him it was for $59.50. He received $59 for the check, Mr. Kiefer retaining fifty cents for cashing it. The evidence showed that plaintiff in error had been employed at Crystal Falls, Michigan, by Mr. Roberts, who was a mining superintendent. The latter had promised to pay his transportation to North Freedom, Wisconsin, and gave him the check for $9.50 for that purpose. The evidence also showed the forgery as stated.

At the close of the evidence the counsel for accused moved the court to direct a verdict of acquittal on the ground that no material alteration in the check had been shown. The motion was denied, and duly excepted to. He then requested the court to charge the jury that the alteration shown was not material. This was also denied, and excepted to. There was no motion for a new trial, no exceptions to the charge, and no motion in arrest of judgment. The case is brought here for review on writ of error.

For the plaintiff in error the cause was submitted on the brief of *Evan A. Evans.* He contended, *inter alia,* that where the act of forgery consisted in an alteration it must be proven that the alteration was a material one and that an added liability was created by reason of the alteration. Clark, Crim. Law (2nd ed.), 340; *State v. Dorrance,* 86 Iowa, 428; *State v. Davis,* 53 Iowa, 252; *Hunt v. Adams,* 6 Mass. 519; *Cox v. State,* 66 Miss. 14. There being a discrepancy between the figures and the written words "fifty cents," the latter govern, and no change in the figures would make any difference. Selover, Neg. Inst. sec. 92; 2 Am. & Eng. Ency. of Law, 329, note 9; *Smith v. Smith,* 53 Am. Dec. 652; Laws of 1899, ch. 356, sec. 1675–17, subd. 1.

For the defendant in error there was a brief by the *Attor-*

*ney General,* and oral argument by *R. F. Hamilton,* second assistant attorney general.

BARDEEN, J.    There was no motion for a new trial and no exceptions to the charge. The only question for consideration is the one arising upon the denial of the motion to direct a verdict of acquittal, and upon the refusal of the court to instruct the jury as requested. That such questions are properly before us for consideration has been decided by this court in several cases. See *Zahn v. M. & S. R. Co., ante,* p. 38, 89 N. W. 889, and cases cited. The only case to which our attention has been called seeming to hold a different rule is *Reed v. Madison,* 85 Wis. 667, 56 N. W. 182. In that case the motion for a new trial was not interposed until after judgment, and no appeal was taken from the order denying the motion. The decision is right on principle, but what was said in reference to the court's reviewing the evidence in absence of a motion for a new trial, must be read in connection with what was said in *Second Nat. Bank v. Larson,* 80 Wis. 469, 50 N. W. 499, and is limited thereby. The refusal of the court to direct a verdict, when proper exception thereto is taken and preserved in the bill of exceptions, requires this court to review the testimony in order to determine whether the motion should have been granted.

The proof disclosed that Roberts gave plaintiff in error a check intended to be for $9.50, but written in the form set out in the statement. The latter knew the amount, and knew it was given to pay his transportation to Wisconsin. When he presented the check, and requested Mr. Kiefer to cash it, it had been changed, and he represented it to call for a much larger amount. An expert might not have been deceived by the change, but one inexperienced in handling checks might very well have been deceived, as Kiefer was. The check in a material and a prominent part had been altered, and it does not matter that the words "fifty cents" remained as written,

or that by close observation the party cashing it might have detected the forgery and prevented the consummation of the fraud. A case similar in nearly all its aspects is *Comm. v. Hide,* 94 Ky. 517, 23 S. W. 195. In that case the change was in writing figure "3" before the figures thus, "$ $\frac{70}{00}$" near the top of the check, toward its right-hand margin. The line below read, ". . . . . . . . . . . .seventy cents. . . . . . . . . . $\frac{70}{10}$ dollars." The court held the alteration material, and sustained the conviction. See *State v. Schwartz,* 64 Wis. 432, 25 N. W. 417; *Mitchell v. State,* 64 Ga. 448; *Rembert v. State,* 53 Ala. 467; *Baysinger v. State,* 77 Ala. 63; *Lampkin v. State,* 105 Ala. 1, 16 South. 575. The rule that if the instrument is void on its face it is not the subject of forgery, does not apply. The check in question was not void on its face. It called for the payment of a sum of money. The change made in it gave it the capacity to mislead and deceive the unwary. Its vicious capacity to defraud was certainly known to the accused. He represented that it called for a much larger sum than he knew he was entitled to. It comes with very poor grace from him now to say that the person who cashed the check for him ought not to have been deceived. The fact remains that he *was* deceived, and the accused profited by such deception. We think the alteration was material, and of such a character as was calculated to deceive nonexperts.

The point that the accused could not be held liable for uttering the forged check because he did not indorse it merits but little consideration. Such title as the accused had therein was passed by the transfer, and Mr. Kiefer acquired the right to have the accused make the proper indorsement. Sec. 1676–19, ch. 356, Laws of 1899. The trial court committed no error in denying the motion to direct an acquittal or refusing to instruct as requested.

*By the Court.*—The judgment is affirmed.