# WHEELING

## STATE v. LOTONO.

Submitted June 10, 1907.　Decided June 17, 1907.

1. FORGERY—*Definition of.*

Forgery is the false and fraudulent making or altering of an instrument which would, if genuine, apparently impose a legal liability on another or change his legal liability to his prejudice. (p. 311.)

2. SAME—*Alterations of Instruments—Must be Material—When Material.*

An alteration in an instrument, to constitute forgery, must be of a material part thereof; and a material alteration of an instrument is one which makes it speak a language different in legal effect from that which it originally spoke, or which carries with it some change in the rights, interests or obligations of the parties to the writing. (p. 312.)

3. SAME—*Alteration Material or Immaterial—Question of Law.*

The materiality of the alteration is a question of law for the court upon the admissibility of the altered instrument in evidence, and, the alteration being shown, nothing remains for the jury to pass upon. (p. 312.)

4. SAME—*Words in Check Material—Figures, Not Material.*

The figures in a check, following the words in the body thereof denoting the sum called for, are not a material part of the instrument, the words being controlling in determining its legal effect. (p. 312.)

Error to Circuit Court, Monongalia County.

Frank Lotono is convicted of forgery and brings error.

*Reversed.*

WILLIAM S. JOHN and WILLIAM J. SNEE, for plaintiff in error.

CLARKE W. MAY, Attorney General, and C. WILLIAM CRAMER, for the State.

MILLER, JUDGE:

The grand jury preferred an indictment in eight counts against Frank Lotono for forgery. His motion to quash

was sustained as to the first count and overruled as to the others. On the trial, after the evidence was all in but before argument, the prosecuting attorney elected to rely on the eighth count, and the defendant was found guilty as charged therein. This count charged that the defendant "on the —— day of December, 1906, within one year next preceding the date of the finding of the indictment, in the said county, did afterward, on the day and year aforesaid, at the Citizen National Bank of Morgantown, West Virginia, aforesaid, fraudulently and unlawfully and feloniously utter and attempt to employ as true, to the Citizens National Bank of Morgantown, West Virginia, a certain other false, forged and counterfeit writing or paper."

The paper described is a check of the American Sheet & Tin Plate Company of December 15, 1906, payable to defendant or bearer, for $2.70, at the Citizens National Bank, Morgantown, West Virginia. When presented to the bank by the defendant for payment, the sum called for was written thus: "Two and 70-100 Dollars $20.70." The defendant presented this check, with six others and a slip on which all were listed, together aggregating $76.29. It was listed at $20.70; but the teller, in payment of the checks, counted it at $2.70. There was no direct evidence that the defendant altered the check; but the pay-master of the company, who wrote the check and delivered it to Lotono, testified that when delivered it called for $2.70, but since had been altered by inserting a cipher after the figure 2, so as to make the figures read $20.70, in which condition it was when presented to the bank for payment. The teller testified that when he handed the defendant the amount of the checks the latter said he did not have enough money; that he then showed Lotono the alteration, but did not remember what he said.

Our statute, Code chapter 146, section 5, provides: "If a person forge any writing other than such as is mentioned in the first and third sections of this chapter, to the prejudice of another's right, or utter or attempt to employ as true such forged writing, knowing it to be forged, he shall be confined in the penitentiary not less than two nor more than ten years." Forgery is the false and fraudulent making or altering of an instrument which would, if genuine, appar-

ently impose a legal liability on another or change his legal liability to his prejudice. Clark Cr. L., sections 11, 112; *Turnipseed* v. *State*, (Fla.), 30 So. Rep. 851, and cases cited; 2 Bishop New Cr. L., sections 573, 577; *Burgess* v. *Blake.* 86 Am. St. Rep. 86, note, and cases cited; *State* v. *Briggs*, 34 Vt. 501.

An alteration in an instrument, to amount to forgery according to the authorities cited, must be such as to make it speak a language different in legal effect from that which it originally spoke or which carries with it some change in the rights, interest or obligations of the parties to the writing. It follows that an immaterial change—a change which if true would not affect the legal liability of the parties in an action on the instrument—would not amount to forgery. 1 Bish. Cr. L., section 572; *State* v. *Poindexter*, 23 W. Va. 805. The test is the legal effect of the change or alteration, not whether some one may be misled or deceived by the paper. Here the only change was in what are called in some cases the marginal figures, which, while they might mislead one who should fail to observe the body of the instrument, could not change or affect the legal status of the parties, or tend in legal effect to prejudice another's rights. The alteration of the check in this case did not deceive the bank; and its legal effect was not changed. The materiality of the alteration is a question of law for the court upon the admissibility of the altered instrument in evidence, and, the alteration being shown, nothing remains for the jury to pass upon. *Mfg. Co.* v. *Watson*, 58 W. Va. 189, 195.

Was the alteration of the figures in the check a material one? We think not. It is true the figures follow the words in the body of the check denoting the sum called for, as is frequently the case, and are not strictly marginal; but we do not think they form a material part of the paper. They are for ready reference, as if written at the top or in the margin, and for convenience; they are not controlling, and do not change the legal effect of the paper. The words are the controlling portion, and the figures constitute no material part of the instrument. Many authorities so hold. 2 Cyc. 196; 211, and cases cited; *Schryver v. Hawkes*, 22 Ohio 308. We are cited to only one case which holds the contrary—*Commonwealth* v. *Hide*, 94 Ky. 517.

That case stands alone, unsupported, and we do not think it states the law correctly.

As a matter of law, upon the undisputed facts in this case, we do not think the prisoner guilty of any offense. We therefore reverse the judgment of the circuit court, set aside the verdict of the jury, and discharge the prisoner from further prosecution.

*Reversed.*