### 4824.  BRYANT *v.* GEORGIA FERTILIZER & OIL CO.

Where the defendant in an action on a promissory note admitted that the
note was made by him, but set up by a special plea that it was altered,.
in that figures in the upper left-hand corner of the note were changed
from $110 to $116, and at the trial it appeared from inspection of the
note that, while the figures in the upper left-hand corner were $116, the
amount written out in words in the body of the note was "one hundred
and ten dollars," a finding that the alteration in the figures was imma-
terial and did not affect the validity of the note as admitted by the
maker was demanded; and there was no error in refusing to sanction
a petition for certiorari brought for the purpose of having this finding
reviewed.

DECIDED SEPTEMBER 17, 1913.

Certiorari; from Tift superior court—Judge Thomas.   March
8, 1913.

*R. D. Smith,* for plaintiff in error.

HILL, C. J.   The Georgia Fertilizer & Oil Company brought suit
against Joe Bryant on a promissory note, in the city court of Tifton..
A verdict and judgment were obtained against the defendant.
Error is assigned on the refusal of the judge of the superior court
to sanction the defendant's petition for certiorari.   The case made
is as follows:   The original petition alleged that the defendant
was indebted in the sum of $107 principal, besides interest and at-
torney's fees, on a promissory note, a copy of which was attached
and made a part of the petition.   In the upper left-hand corner of
the attached copy of the note were the figures $116, and in the body
of the note were written out the words "one hundred and ten dol-
lars;" and on it was a credit of $9.   The defendant admitted giving
the note to the plaintiff for $110, and claimed that he was entitled
to a credit of $9.   When the note was introduced in evidence by the
plaintiff, and it appeared that the figures $116 were on the note as
above described, the defendant, with the permission of the court,
filed an amendment to his plea, setting up in the amendment that
the note had been changed or altered, in that the figures on the
upper left-hand corner of the note were originally $110, but were

changed to $116. His plea did not allege that the change had been made for the plaintiff's benefit, or with any fraudulent intent. The trial judge submitted the question of alteration as a special issue, and the jury found that the note had been changed or altered, presumably in the particular indicated. On this special finding the judge ruled that although the instrument had been changed, the change or alteration was not made with any fraudulent intent and was not material, and in no way affected the validity of the note; and this ruling is assigned as error.

We think that there is no merit whatever in the petition for certiorari. The defendant admitted that he owed the note to the plaintiff for $110, less the credit of $9. The verdict was in accordance with this admission, to wit, $101 principal, deducting the credit of $9. Regardless of any other fact, it would be absurd to release the defendant from liability on his promise to pay, when the verdict is in exact accordance with his own admission made in open court. The change of the figures in the upper left-hand corner of the note from $110 to $116, whether made by the plaintiff or by some one for his benefit, was immaterial and wholly ineffective for this purpose, since it is well settled that the words written out in the body of the note would control as to the amount due on the note, irrespective of the figures contained at the top or beginning of the note. Written words control where they are in conflict with mere figures. Clearly the alteration was wholly immaterial and did not affect the validity of the instrument, which the defendant admitted to have been executed by him. Section 4296 of the Civil Code is controlling in this case. It says: "If a written contract be altered intentionally, and in a material part thereof, by a person claiming a benefit under it, with intent to defraud the other party, such alteration voids the whole contract, at the option of the other party. If the alteration be unintentional, or by mistake, or *in an immaterial matter,* or not with intent to defraud, *if the contract as originally executed can be discovered and is still capable of execution, it will be enforced by the court.*" Here the contract as originally executed was not only discovered but absolutely admitted by the defendant, and it was certainly capable of being enforced by the court. The bill of exceptions in this case is so clearly without merit that this court feels constrained to affirm the judgment with ten per cent. damages on the amount of the recovery in the trial court.          *Judgment affirmed, with damages.*