## Hacker v. Commonwealth.

(Decided May 8, 1914.)

### Appeal from Leslie Circuit Court.

1. Homicide—What Sufficient to Excuse on Ground of Self Defense.—It is not necessary, in order to excuse a homicide upon the ground of self-defense, that there should have been actual immediate impending danger; it is sufficient if the slayer believed and had reasonable ground to believe, that there was immediate impending danger, and that he had no other apparent and safe means of escape, although this supposed danger had no existence.
2. Homicide—Instructions.—An instruction which advised the jury that the accused could not rely upon the plea of self-defense if he "brought on" the difficulty, without defining how he "brought on" the difficulty, was erroneous, because the language was too

general and opened altogether too wide a field for inference and supposition upon the part of the jury.

LEWIS & LEWIS and CLEON K. CALVERT for appellant.

JAMES GARNETT, Attorney General, and D. O. MYATT, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE MILLER—Reversing.

The appellant, Jack Hacker, and his brother, Henry Hacker, were jointly indicted for the murder of Charley Maness. The appellant, Jack Hacker, was given a separate trial and found guilty of voluntary manslaughter. He appeals, and asks a reversal upon the ground that the instruction upon self-defense was erroneous.

1. It would serve no useful purpose to give a detailed account of the testimony; it is sufficient to say the evidence justified an instruction upon self-defense.

The court gave the following instruction upon that subject:

"If you shall believe from the evidence, that at the time the defendant, Jack Hacker, shot at, wounded and killed deceased, Charley Maness, if you shall believe from the evidence beyond a reasonable doubt that he did so do, that the defendant was in danger of death, or the infliction of some great bodily harm at the hands of deceased, Maness, and that it was necessary, or believed by the defendant, in the exercise of reasonable judgment, to be necessary to so shoot at, wound and kill said Maness in order to avert that danger, real or apparent, then you ought to find the defendant not guilty upon the grounds of self-defense, or the apparent necessity therefor; unless you shall further believe from the evidence beyond a reasonable doubt, that the defendant sought and brought on the difficulty in which deceased was killed, and made the harm or danger, if any there was, necessary or excusable upon the part of said Maness, in which event you cannot acquit the defendant upon the grounds of self-defense, or the apparent necessity therefor."

The complaint is that this instruction took from the defendant his right, under the law, to judge for himself whether he was in danger of losing his life, and erroneously left that question to the jury.

It will be noticed that the instruction, except the last clause thereof and the proper names of the parties, is a

copy of the instruction given and condemned in Sizemore v. Commonwealth, 158 Ky., 495.

In condemning the instruction in the Sizemore case, we said:

"The complaint is that this instruction takes from the defendant the right given him under the law to judge of and act upon the appearances as he saw them at the time of the difficulty, and leaves that defense to the judgment of the jury, who were not present, and who were not called upon to exercise their judgment under the circumstances that Sizemore was required to act.

"Under the conflicting testimony as to who was the aggressor, appellant was unquestionably entitled to an instruction giving the law of self-defense; and, since the jury ought, as far as possible, to judge of the facts surrounding the homicide from the standpoint of the defendant, such an instruction should make it clear that he was justified if the means used by him to protect himself appeared to him, at the time, to be necessary for that purpose."

In speaking of a similar instruction in Cleveland v. Commonwealth, 31 Ky. L. R., 115, 101 S. W., 931, the court said:

"The objection to this instruction is that it left to the jury, and not to the defendants, to say whether or not they believed that the deceased was about to inflict upon them, or either of them, some great bodily harm. In cases of this character the question is not what the jury believes, but what the accused in the exercise of a reasonable judgment believed at the time of the homicide. The jury might not believe from the evidence that at the time the deceased was killed the accused believed the deceased was about to inflict upon him some great bodily harm, and yet the defendant might have so believed. This identical question has been determined by this court in the cases of Ellis v. Commonwealth, 30 Ky Law Rep., 348; Dossenbach v. Commonwealth, 30 Ky Law Rep., 749, and Austin v. Commonwealth, 28 Ky. Law Rep., 1087, in which an instruction in all respects similar to this was condemned, and it was held to be reversible error."

See, also, Adkins v. Commonwealth, 26 Ky. L. R., 496; 82 S. W. 242.

The opinion in the Sizemore case is conclusive of this appeal, and requires a reversal.

2. It is further contended that the qualification in the instruction above quoted, reading "unless you shall further believe from the evidence beyond a reasonable doubt that the defendant sought and brought on the difficulty," without explaining to the jury how or by what means the difficulty was "brought on" by the defendant was erroneous.

This precise question has been frequently before this court.

In Allen v. Commonwealth, 86 Ky., 642, the court said:

"The jury were told in the broadest language that the accused could not rely upon the plea of self-defense if he 'brought on' the difficulty. This gave them too much latitude. It left out of view any intention upon the part of the accused, and authorized them to find, for instance, that he had 'brought on' the difficulty by merely going to where the deceased was, or opening a conversation with him. Guided by such an instruction, a jury might infer that a defendant had 'brought on' a difficulty by a mere idle word, or one spoken in jest, and without any intention of injuring the other party.

"It is true some writers, in general terms, say that if an accused 'provokes the difficulty,' he thereby divests himself of the right to say that he acted in self-defense. Bishop says: 'For he who seeks and brings on a quarrel can not in general avail himself of his own wrong in defense.' (2 Bishop Criminal Law, section 702).

"This doctrine, generally speaking, is correct; but it is improper to say to a jury, that if the defendant 'brought on' the difficulty he can not rely upon the plea of self-defense, because the language is too general, and opens altogether too wide a field for inference and supposition upon the part of the juryman."

To the same effect see Hamlin v. Commonwealth, 11 Ky. L. R., 348, 12 S. W., 146; Crane v. Commonwealth, 12 Ky. L. R., 161, 13 S. W., 1079; Wilcoxen v. Commonwealth, 15 Ky. L. R., 261, 23 S. W., 195; Greer v. Commonwealth, 27 Ky. L. R., 333, 85 S. W., 166; McGowan v. Commonwealth, 117 S. W., 387; Starr v. Commonwealth, 97 Ky., 193; Crowe v. Commonwealth, 29 Ky. L. R., 14.

In the McGowan case, *supra,* after condemning the feature of the instruction now under consideration, the court said:

"The error in this instruction is that it fails to define how the defendant 'brought on the difficulty.' The

jury should have been instructed that if the defendant brought on the difficulty by striking or attempting to strike the deceased, or by cutting or attempting to cut him, he should not be excused on the ground of self-defense.''

Upon another trial, if the evidence warrants an instruction upon self-defense, the instruction should be corrected in the two respects above indicated.

Judgment reversed for a new trial.