AT THE

## MARCH TERM, 1919.

---

### 10005. McINTOSH v. THE STATE.

For an alteration of a writing to be the basis of a prosecution for forgery the alteration must be a material one.

(a) "The figures in a check, following the words in the body thereof denoting the sum called for, are not a material part of the instrument, the words being controlling in determining the legal effect."

DECIDED MARCH 7, 1919.

Indictment for forgery; from Bibb superior court—Judge Mathews. July 15, 1918.

*John R. Cooper,* for plaintiff in error.

*John P. Ross, solicitor-general,* contra.

BLOODWORTH, J. The indictment charged that the defendant forged and altered a check or draft, "by altering and raising the figures and numerals on said check, to-wit, $2.60 to the figures and numerals, to wit, $57.60," said check or draft being in substance and tenor as follows:

Form No. 1840.

Southern Railway Company, Account Department, June 1917. Roll 3144 Line 6 Washington, D. C., July 16, 1917. No. 22389. H. C. Ansley, Treasurer, Southern Railway Co., Washington, D. C. Pay to the order of Thomas McIntosh ($57.60) [the figures on said draft and check being $2.60 before its alteration and said figures $2.60 being falsely and fraudulently altered and made to be $57.50 as aforesaid] Two 60/100 Dollars. Not valid if drawn for more than three hundred (300) dollars. In full for services rendered during the month of June, 1917, when endorsement is in exact

33

accord with name of payee and is guaranteed by an agent of the company. Not negotiable unless countersigned by either A. H. Plant, Comptroller, H. E. Bruce, R. F. Green, P. Herman, K. Hurt, E. Marceron, C. E. Moore, H. T. Rinck, H. E. Bruce.

Printed on margin the following:

"This check will be paid by any of the banks named on the back having sufficient funds of the Company in its hands or by any agent having sufficient funds of the Company in his hands. It is receivable also in payment of freight or fares. Payable not later than sixty days from date."

Endorsed on the back of the check or draft were the names of a number of banks.

To this indictment a demurrer was filed, as follows: "1. Because the said indictment does not allege a crime against the laws of the State of Georgia. 2. Because the alleged alteration in the check described in said indictment is not a material alteration and does not constitute a forgery. 3. Because the check described in said indictment is not alleged to have been altered or changed in amount in the body of said check, the only alteration being in the marginal figures, and therefore the alteration did not constitute a forgery." The demurrer was overruled, and the defendant excepted.

This case has not been without its serious difficulties. That for an alteration of a writing to be the basis of a prosecution for forgery the alteration must be a material one was easily determined from text-books, books of reference, and the opinions of the courts of last resort in many jurisdictions; but the question of what was a material alteration was not so easily settled. After a very thorough examination of the reports and digests in search of precedents, three cases directly in point were found, two of these holding that under facts similar to those in the instant case the defendant was not guilty of forgery, and one that he was. In Commonwealth v. Hide, 94 Ky. 517 (23 S. W. 195), it was held: "Where a check for 'seventy cents,' the amount of which was also written in figures, thus: '$\frac{70}{100}$,' near the top of the check, was altered by inserting the figure '3' between the dollar mark and the figures '70,' leaving the words 'seventy cents' in the body of the check unchanged, the alteration constituted a forgery, although the person to whom the check was presented for payment could, by close observation, have detected the forgery and prevented the consummation of the

fraud." This case is referred to with disapproval by the Supreme Court of Appeals of West Virginia, and by the Supreme Court of Illinois, as will hereafter appear. In State v. Lotono, 62 W. Va. 310 (58 S. E. 621), the 2d and 4th headnotes are as follows: "An alteration in an instrument, to constitute forgery, must be of a material part thereof; and a material alteration of an instrument is one which makes it speak a language different in legal effect from that which it originally spoke, or which carries with it some change in the rights, interests or obligations of the parties to the writing. The figures in a check, following the words in the body thereof denoting the sum called for, are not a material part of the instrument, the words being controlling in determining its legal effect." In the opinion in that case Judge Miller said: "An alteration in an instrument, to amount to forgery according to the authorities cited, must be such as to make it speak a language different in legal effect from that which it originally spoke or which carries with it some change in the rights, interests or obligations of the parties to the writing. It follows that an immaterial change—a change which if true would not affect the legal liability of the parties in an action on the instrument—would not amount to forgery. 1 Bish. Cr. L., § 572; State v. Poindexter, 23 W. Va. 805. The test is the legal effect of the change or alteration, not whether some one may be misled or deceived by the paper. Here the only change was in what are called in some cases the marginal figures, which, while they might mislead one who should fail to observe the body of the instrument, could not change or affect the legal status of the parties, or tend in legal effect to prejudice another's rights. The alteration of the check in this case did not deceive the bank; and its legal effect was not changed. The materiality of the alteration is a question of law for the court upon the admissibility of the altered instrument in evidence, and, the alteration being shown, nothing remains for the jury to pass upon. Mfg. Co. v. Watson, 58 W. Va. 189, 195 [52 S. E. 515]. Was the alteration of the figures in the check a material one? We think not. It is true the figures follow the words in the body of the check denoting the sum called for, as is frequently the case, and are not strictly marginal; but we do not think they form a material part of the paper. They are for ready reference, as if written at the top or in the margin, and for convenience; they are not controlling, and do not change the legal

effect of the paper. The words are the controlling portion, and the figures constitute no material part of the instrument. Many authorities so hold. 2 Cyc. 196, 211, and cases cited; Schryver *v.* Hawkes, 22 Ohio, 308. We are cited to only one case which holds the contrary—Commonwealth *v.* Hide, 94 Ky. 517. That case stands alone, unsupported, and we do not think it states the law correctly."

To the same effect as the Lotono case is that of Wilson *v.* State, 85 Miss. 687 (38 So. 46), the 1st headnote of which is as follows: "Under Code 1892, § 1106, defining forgery and confining the crime to instances where any person may be affected, bound, or in any way injured in his person or property, the mere alteration of the figures, following the character '$', in the upper right-hand corner of a draft, changing '2.50' to '$12.50', does not constitute forgery where in the body of the instrument the sum ordered paid was distinctly written 'two and 50-100 dollars,' and this is especially true where the paper upon which the draft was written had distinctly stamped upon its face the words "Ten dollars or less,' since the alteration was of an immaterial part of the instrument and could not injure any one." While the opinion in the Wilson case is based upon a local statute, the general principles announced therein are applicable to the instant case. In addition to the above the following cases throw light upon the question at issue. In State *v.* Means, 47 La. Ann. 1535 (18 So. 514), one of the headnotes is as follows: "The forgery charged, and altering, were not alleged with the required certainty. The extent and character of the altering were not shown; whether the figures (it is alleged) were forged were of a material character, or merely marginal; whether the writing expressed was forged or only the figures." In the decision Mr. Justice Breaux, speaking for the court, said: "To constitute a charge of alteration and forgery of an instrument it must be averred that it was altered in a material part. It does not appear with certainty whether the alteration was of a material part. Of course, if the accused feloniously forged and altered the figures 2.75 so as to make them read 29.75 by adding 9 to a material part of the order, he is guilty of forgery; in other words, if there was no writing of the amount, and if the order read, pay 2.75, and was thus altered, it is forgery. But if the 2.75 was merely marginal, or in character marginal, as relates to a writing of the amount,

it was not forgery." In Lawless v. State, 114 Wis. 189 (89 N. W. 891), it was held that "Insertion of the figure 5 before the figure 9 in a check reading 'Pay to [defendant] or order $9 . . . . . . . . fifty cents . . . . . . . . dollars' is a material alteration, constituting a forgery, although the written words remained unchanged and the person cashing the check might by close observation have detected the change and prevented the consummation of the fraud." In the opinion in that case the Hide case, supra, is referred to as "a case similar in nearly all its aspects." The difference in the two cases is very marked. In the Lawless case the number of dollars was not written out in words, but only expressed in figures, while in the Hide case the amount was expressed in both words and figures.

In State v. Lewinger, 252 Ill. 332 (96 N. E. 837, Ann. Cas. 1912D, 239), it was held that "Altering the marginal figures of a check to make them correspond with the amount expressed in written words which are not ambiguous or uncertain is not forgery, as the written words, under section 17 of the negotiable-instrument act of 1907, control the amount of the check, and the alteration does not change the legal effect of the instrument." In discussing that case Mr. Justice Cartwright said: "The alteration of the figures, therefore, did not change the legal effect of the instrument. That was the law as established before the passage of the negotiable instrument act. . . Other courts have held that an alteration of marginal figures on a check in which the amount payable is plainly expressed in words is not forgery," citing the Wilson, Lotono, and Means cases, supra, and Jackson v. State, 72 Ga. 28. While the Supreme Court of Wisconsin referred to the cases of Lawless and Hide, supra, as similar cases, the Supreme Court of Illinois said in the Lewinger case, "We do not regard them as of the same nature." Nor do we. The difference in the two cases is pointed out above. So it appears that the Supreme Court of West Virginia was right when it said in the Lotono case that the Hide case "stands alone, unsupported."

From the foregoing opinions it appears that before the alteration of a check or draft can be the basis of a prosecution for forgery, the change must be such that it would affect the "legal liability of the parties in an action on the instrument." It is well established that when the amount of a check is expressed both in words and figures, and there is a conflict between the two, the amount stated

in words controls. See, in this connection, *Bryant* v. *Georgia Fertilizer & Oil Co.*, 13 *Ga. App.* 448 (79 S. E. 236). Applying the above rulings to the facts as alleged in the indictment in the instant case, it follows that the change in the check, upon which the prosecution was based, was not material, and therefore the court erred in overruling the demurrer to the indictment. This error rendered the further proceedings nugatory.

*Judgment reversed. Broyles, P. J., and Stephens, J., concur.*