THE MORRIS PLAN COMPANY OF NEW YORK, Plaintiff, *v.* OSCAR F. EPSTEIN and Others, Defendants.

Municipal Court of New York, Borough of Manhattan, Ninth District, April 3, 1933.

*Harold H. Kissam* [*George J. Graw* of counsel], for the plaintiff.

*Emil Rogers*, for the defendants.

BISSELL, J. This is an action to recover the balance of $120 owing on an amount advanced by the plaintiff against defendants' promissory note. It appears that on February 26, 1931, the plaintiff advanced $200 against a $480 promissory note executed by the defendants herein. The defendants claim as their defense a material alteration of the note in question, which is in evidence.

On the face of the note the words, " Four hundred eighty Dollars " clearly appear, and in the upper left-hand corner of the note at the margin in numerals " $480.— " appear, and above this, in pencil, the figures " 200." The testimony of the defendant Harry S. Schorr is that at the time the promissory note was signed there was no pencil notation of the numerals above the figures $480.— in the upper left-hand margin; and it would appear that, at the time of the making of the loan, plaintiff's representative, who was in charge of the making of the loan, struck through the numerals $480.— and inserted, in pencil, the 200 above it. This line does not now appear; but evidences of an erasure remain.

The question before the court is whether the foregoing state of the instrument constitutes a material alteration. Section 206 of the Negotiable Instruments Law provides what constitutes a material alteration, and constitutes as such any alteration which changes " 2. The sum payable, either for principal or interest."

There appears to be no reported case in New York which is directly in point in this matter. The general rule is, however, that changes " which in no manner alter the identity or legal effect of the instrument are not material, as where the change is in the marginal numerals, which form no part of the instrument, leaving the amount expressed in the body of the instrument intact."

(2 Cyc. 196.) In accord with this is the case of *Bryant* v. *Georgia Fertilizer & Oil Co.* (79 S. E. 236); and to like effect is *Redfield State Bank* v. *Myrick* (108 Kan. 191).

In *Mumford* v. *Coghlin* (249 Mass. 184, at p. 190) the court said: " On the face of the note, a line appears to have been drawn through the figures ' $5,000.00 ' in the upper left hand corner, and ' 2,000.00 ' written directly above. A material alteration of a note without the assent of all the parties liable thereon renders it void. G. L. c. 107, § 147. Under § 148 of the same chapter it is provided in part that ' Any alteration which changes * * * 2. The sum payable, either for principal or interest * * * or any other change or addition which alters the effect of the instrument in any respect is a material alteration.' The words ' Five Thousand Dollars ' written on the face of the note remained unchanged. Upon the back of the note three payments of $1,000 each were credited on account of principal. It is manifest that the drawing of a line through the figures ' $5,000 ' and inserting above them ' 2,000.00 ' did not amount to a material alteration."

Under the facts in the instant case, it does not appear that a material alteration has been made in the note in question, inasmuch as the amount written in the body of the note remains unchanged. Accordingly, judgment is given for the plaintiff against the defendants in the sum of $120. Five days stay.