

# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

Apr. 2, 1947

Hon. Sam B. Hall
Prosecuting Attorney
Harrison County
Marshall, Texas

Opinion No. V-121

Re: Has the offense of forgery
been committed when the
marginal figures on a valid
check have been altered but
the written words in the
body of the check remain
unchanged, and payment of
the check is made in ac-
cordance with the marginal
figures?

Dear Sir:

Your letter of March 28, 1947, requesting an opinion of
this department as to whether or not the offense of forgery has
been committed under the facts submitted, has been considered
by this department. Under the facts submitted, a defendant took
a valid check for $4.80, placed a figure 5 before the figures $4.80,
and obtained the amount of $54.80 when he cashed this check. You
also state that the amount written in the body of the check was
$4.80 made by a check protector and that this amount was not al-
tered. The photostatic copy of the check shows the amount writ-
ten in the body of the instrument to be clear and certain and in the
amount of "4 dols 80 cts."

Article 984, Vernon's Penal Code, provides:

"He is also guilty of forgery who, without lawful
authority, and with intent to injure or defraud, shall
alter an instrument in writing then already in exist-
tence, by whomsoever made, in such manner that the
alteration would (if it had been legally made) have
created, increased, diminished, discharged or de-
feated any pecuniary obligation, or would have trans-
ferred, or in any manner have affected any property
whatever."

Article 987, Vernon's Penal Code, defines the word "al-
ter" as used in the above statute.

"The word 'alter' in the definition of forgery,
means to erase, or obliterate any word, letter or

figure, to extract the writing altogether, or to sub-
stitute other words, letters or figures for those
erased, obliterated or extracted, to add any other
word, letter or figure to the original instrument,
or to make any other change whatever which shall
have the effect to create, increase, diminish, dis-
charge or defeat a pecuniary obligation, or to trans-
fer or in any other way affect any property what-
ever." (Emphasis added.)

The Negotiable Instruments Law was adopted by Texas
in 1919 and is found in Articles 5932-5948, Vernon's Civil Statutes.
We think that part of it which has to do with the construction of the
instrument before us is pertinent. Article 5932, Sec. 17, provides:

"1. Where the sum payable is expressed in
words and also in figures and there is a discrep-
ancy between the two, the sum denoted by the words
is the sum payable; but if the words are ambiguous
or uncertain, reference may be had to the figures
to fix the amount; . . ."

It appears from a reading of the above provision that the
only time reference may be had to the figures on a negotiable in-
strument is when the words denoting the amount are ambiguous or
uncertain. In the case before us the words are written by check
protector and are clear and unambiguous.

We have been unable to find a Texas case in point, but we
have found several cases containing identical fact situations decided
by other jurisdictions.

In 37 C.J.S. 41, we find the following statement:

"An alteration of marginal figures on an instru-
ment in which the amount payable is plainly expressed
in words is not a forgery, but there is some authority
apparently to the contrary."

The earliest case cited is the case of Commonwealth v.
Hide, 23 S. W. 195. This is a case by the Kentucky Court of Appeals
decided in 1893. This case involved a check originally in the amount
of seventy cents. However, the figure 3 was inserted between the
dollar mark and the figures 70 in the upper margin of the check, thus
making it appear to be a check for $3.70, although the amount was
written "Seventy Cts." in the body of the check and this writing was
unaltered. The Court used the following language in this case:

"Clearly, the writing was a forgery, and the in-
dictment in apt terms, charged the defendant with the

crime. It is certainly not necessary that the whole
instrument should be made false or fictitious. Mak-
ing an alteration or erasure in any material part of
a true instrument, whereby another may be defraud-
ed, is a forgery. This check, in a material - and we
may say a prominent - part, was altered; and it does
not matter that the word 'Seventy Cts.' remained as
written, or that by close observation the merchant
could have detected the forgery, and prevented the
confirmation of the fraud."

Another case involving a similar fact situation was the
case of Wilson v. State, decided by the Supreme Court of Missis-
sippi in 1905, and reported in 38 So. 46. In this case, the figures
in the upper right hand corner of the draft were altered from $2.50
to $12.50, but the words "Two and 50/100 Dollars" were written in
the body of the instrument and were unchanged. Also, the words
"Ten Dollars or Less" were stamped across the face of the draft.
The court in this opinion reached the conclusion that the alteration
was not forgery, and in so doing, used the following language:

"This was not forgery, because it was an imma-
terial part of the paper, and because it could not pos-
sibly have injured anybody. In order to constitute the
crime there must not only be the intent to commit it,
but also an act of alteration done to a material part,
so that injury might result."

The court further states:

". . . it must have been capable of working in-
jury if it had been genuine, and that the marginal
numbers and figures are not part of the instrument,
and their alteration is not forgery."

This case cites the Texas case of Anderson v. State, de-
cided by the Court of Appeals of Texas in 1886 and reported in 20
Tex. App. 595. This Texas case involved a conviction for forgery
of an order for goods, and was not an analogous fact situation. How-
ever, this language by the Court does appear to be important:

"To constitute forgery, the instrument forged
must be such an one that, if it were true, would cre-
ate, increase, diminish, discharge, or defeat a pe-
cuniary obligation, or would transfer or in some
manner affect property." (Emphasis added.)

The next case is the case of State v. Letono, decided by the
Supreme Court of Appeals of West Virginia in 1907 and reported in

58 S. E. 621. This case involved a check which was in the amount of $2.70 originally and was raised to $20.70 in the marginal figures. However, the body of the check contained the writing "Two and 70/100 Dollars" and this was not altered. The Court in this case reached the conclusion that this alteration was not forgery and used the following reasoning:

> "The test is the legal effect of the change or alteration, not whether someone may be misled or deceived by the paper. Here the only change was in what are called in some cases the 'marginal figures,' which, while they might mislead one who should fail to observe the body of the instrument, could not change or affect the legal status of the party, or tend in legal effect to prejudice another's right. The alteration of the check in this case did not deceive the Bank, and its legal effect was not changed. The materiality of the alteration is a question of law for the courts upon the admissibility of the altered instrument in evidence; and the alteration being shown, nothing remained for the jury to pass upon. . . .

> "Was the alteration of the figures in the check a material one? We think not. It is true the figures follow the words in the body of the check denoting the sum called for, as is frequently the case, and are not strictly marginal; but we do not think they form a material part of the paper. They are for ready reference, as if written at the top or in the margin, and for convenience. They are not controlling, and do not change the legal effect of the paper. The words are the controlling portion, and the figures constitute no material part of the instrument. . . . We are cited to only one case which shows the contrary, Commonwealth v. Hide, 94 Ky. 517, 23 S.W. 195. That case stands alone, unsupported, and we do not think it states the law correctly."

The next case we consider is the case of McIntosh v. State, decided by the Court of Appeals of Georgia, Division No. 2 in 1919 and reported in 98 S. E. 555. In this case, the defendant forged a draft by altering and raising the figures and numerals on this draft originally in the sum of $2.60, to the figures and numerals, $57.60. The Court in this case cited the Lotono, Hide and Wilson cases and concluded:

> "From the foregoing opinion, it appears that before the alteration of a check or a draft can be the

basis of a prosecution for forgery, the change
must be such that it would affect the 'legal lia-
bility of the parties in an action on the instru-
ment.' It is well established that when the amount
of a check is expressed both in words and figures,
and there is a conflict between the two, the amount
stated in the words control. . . applying the above
rule to the fact as alleged in the indictment in the
instant case, it follows that the change in this
check upon which the prosecution in the instant
case was based, was not material, . . ."

The next case to be considered is the case of People v.
Lewinger, decided by the Supreme Court of Illinois in 1911 and re-
ported in 96 N. E. 837. This case involved a slightly different fact
situation than the preceding cases. In this case, the check as
originally written contained the numbers $25.00 as marginal fig-
ures and in the body the amount was set forth as $2500.00. The
defendant altered the instrument by changing the marginal figures
to read $2500.00 and cashed the check. The court in reversing
the judgment of conviction used the following language:

"But the figures in the margin of an instru-
ment are not strictly a part of the contract. They
cannot be reverted to, to impeach the amount
named in the body of the paper, and are never re-
sorted to for any purpose, unless there is uncer-
tainty in regard to the amount written in the body
of the instrument."

Later in the opinion, the court cites the case above set
out and uses this language:

"Other courts have held that an alteration of
marginal figures on a check in which the amount
payable is plainly expressed in words is not for-
gery."

It is our opinion that under Articles 984 and 987 of
Vernon's Penal Code and under the cases above cited, the defend-
ant would not be guilty of the offense of forgery. Although the
Hide case, supra, would seem to support an indictment for for-
gery, we believe that it is an isolated case and that the majority
rule as shown in the later cases above cited would be followed
by the Texas courts.

## SUMMARY

The altering of the original marginal figures
on an otherwise valid check so long as the sum

written in the body of the instrument remains
unchanged and certain does not constitute the
crime of forgery in Texas.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By *Clarence Mills*

Clarence Y. Mills
Assistant

CYM:rt:sl

APPROVED APR 8, 1947

*Price Daniel*

ATTORNEY GENERAL OF TEXAS