402 P.2d 160

MAJOR OIL DEVELOPMENT COMPANY,
Plaintiff-Appellant,

v.

FIRST NATIONAL BANK, ALBUQUERQUE, New Mexico, Defendant-Appellee.

No. 7583.

Supreme Court of New Mexico.

May 17, 1965.

**180**

Dale B. Dilts, Albuquerque, for appellant.

Rodey, Dickason, Sloan, Akin & Robb, John P. Eastham, Duane C. Gilkey, Albuquerque, for appellee.

CARMODY, Chief Justice.

The basic question for our decision is whether striking out the name of one of two payees on a check is a forgery within the contemplation of our statute (§ 48–10–8, N.M.S.A.1953).

The above statute provided for a six-months limitation on bank liability in cases of "a forged or raised check." This section has since been repealed by the Uniform Commercial Code (see particularly § 50A–4–406, N.M.S.A.1953). The check in question was issued by the appellant, made payable to the First National Bank of Oklahoma City and Herman L. Hurst. The check was apparently cashed by Hurst at another Oklahoma bank and cleared through the appellant's account in the appellee bank. However, the words on the face of the check "First National Bank of Oklahoma City and" were stricken by a line drawn through them, and the only endorsement is that of Hurst.

After being paid by the bank, the check was returned to appellant together with the bank statement under date of June 1, 1959. Appellant did not discover the alteration of the check until early in 1962, at which time the bank was notified of the error. Appellant filed suit for the face amount of the check together with interest, and appellee, in its answer, alleged the limitation provided in § 48–10–8, supra. The court rendered judgment in favor of appellee, basing its decision, in part, upon the limitation statute.

Appellant's argument is, in effect, that inasmuch as the statute mentions only "forged or raised" checks, therefore it does not include a material alteration. Appellant argues, by analogy, that because the Uniform Commercial Code specifically mentions "material alterations," therefore it follows that the legislature, in enacting § 48–10–8, supra, must have intended to exclude from the term "forgery" the matter of "material alterations."

We are cited cases from California and New York, which, upon first reading, would

seem to bear out this theory. However, an analysis of the cases makes it apparent that in each of them the court was dealing with a problem of a forged endorsement, and not a change on the face of the check such as we have here. See Merchants' National Bank of Los Angeles v. Continental National Bank, 1929, 98 Cal.App. 523, 277 P. 354; Kleinman v. Chase National Bank, 1924, 124 Misc.R. 173, 207 N.Y.S. 191. Therefore, we do not feel that the decisions above mentioned are persuasive.

Although involving different facts, we are persuaded that the decision in Detroit Piston Ring Co. v. Wayne County & Home Savings Bank, 1930, 252 Mich. 163, 233 N.W. 185, 75 A.L.R. 1273, is more in line with the determination of the legislative intent, the Michigan statute (as does ours) referred to a forged or raised check. Nevertheless, the court held that the limitation statute applied to facts necessarily within the knowledge of the drawer at the time the check was returned to him, " * * namely, whether his name has been forged or the check raised, or the name of the payee changed."

In California, contrary to appellant's assertion, the supreme court of that state determined, in a situation not completely unlike that facing us, that the limitation statute relating to "a forged or raised check" was applicable in a case in which a part of the name of the payee was erased. Union Tool Co. v. Farmers' and Merchants' National Bank, 1923, 192 Cal. 40, 218 P. 424, 28 A.L.R. 1417. The court stated:

"The statute to which reference has been made must be taken, if possible, in its natural and usual sense; it should not receive a strained construction. The checks as originally drawn were first altered by changing the name of the intended payee and afterward by fraudulently indorsing the payee's name thereon. Those acts certainly amounted to forgery within the definition of that term as found in any of the citations dealing with such an offense to which attention has been called by counsel. Any material alteration of a writing with intent to defraud any one, so as to make the writing appear to be different from what it was originally intended to be, is a forgery.

" * * *

" * * * It is our view that where, as here, the canceled checks and a statement of his account with the bank are regularly furnished to the depositor, the statute begins to run from the time the alleged 'forged or raised' check was delivered to the depositor as a voucher supporting the payment made by the bank."

In at least one later opinion, Atwell v. Mercantile Trust Company, 1928, 95 Cal. App. 338, 272 P. 799, the California Court of Appeals distinguished the Union Tool

case in its determination that the language in Union Tool referring to the forged endorsement was not necessary for that decision, but, nonetheless, with this noted exception, the language quoted above relating to alterations on the face of the checks remains the law of California.

Appellant asserts there is a distinction between the drawing of a line through the name of one of the payees as was done here and the erasure of part of the name as occurred in the Union Tool case. However, it would seem to us that an erasure, if artfully done, would be much less noticeable than the act done in this case; but, in any event, the attempted differentiation does not impress us. It is a distinction without a difference, particularly in view of the definitions of "forgery" hereinafter mentioned.

■ Although in no sense condoning the obvious negligent act on the part of the bank in paying the check at issue here, nevertheless it should have been obvious to the appellant at the time the check was returned with the bank statement, even upon a cursory examination, that there had been a change made on the face thereof. The bank's responsibility is great, but there is also a duty on the part of a depositor to protect its own interest. See Airco Supply Company v. Albuquerque National Bank, 1961, 68 N.M. 195, 360 P.2d 386.

■ The New Mexico criminal statutes relating to forgery, which were in effect at the time, would undoubtedly encompass the striking of the name of one of the payees (see §§ 40–20–1 and 2, and §§ 40–20–7 and 8, N.M.S.A.1953). Blackstone's Commentaries, Lewis's Edition, Book IV, page 1643, in its definition of "forgery," states, in part:

"It may with us be defined at common law to be 'the fraudulent making *or alteration* of a writing to the prejudice of another man's right, * * *.' " (Emphasis added.)

See also Rowley v. United States, (8th Cir. 1951), 191 F.2d 949; Keese v. Zerbst, (10th Cir. 1937), 88 F.2d 795; and State v. Lotono, 1907, 62 W.Va. 310, 58 S.E. 621. To us, it is clear that the material alteration in the case at bar is included in the definition of "forgery."

■ It is to be noted that we are not here considering the rights of a holder in due course, but only the rights and responsibilities of a bank depositor. Although it is argued by appellant that § 48–10–10, N.M.S.A.1953, should be found to be applicable in this case, nevertheless we do not believe that this statute, which provides a five-year limitation as to the presumption of correctness of statements of account, can be considered to be applicable where the change is made upon the face of the

check, as it was here. The instant case relates to a forgery by a material alteration, not the mathematical correctness of the statement of account.

Even though the trial court based its decision upon another ground in addition to that above discussed, nevertheless, in view of our determination, it is not necessary for us to consider that question.

The judgment will be affirmed. It is so ordered.

CHAVEZ and COMPTON, JJ., concur.